**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
HINDS COUNTY, MISSISSIPPI**

CITY OF JACKSON,

    Plaintiff,

v.                                    CAUSE NO. 19-375

SIEMENS INDUSTRY, INC.; ET AL.,

    Defendants.

**CORRECTED CONSENT JUDGMENT**

The City of Jackson, Mississippi (the "City"), Siemens Industry, Inc., Chris McNeil, U.S. Consolidated, Inc., M.A.C. & Associates, LLC, and IVision IT Consultants, LLC executed a Settlement Agreement and Release dated as of March 17, 2020 ("Agreement"), which memorializes the terms by which the City and the Settling Defendants[1] have resolved their dispute in the above-styled action. A copy of the Agreement is attached as Exhibit 1 and incorporated by reference into this Consent Judgment. The Court, having reviewed and considered the Agreement, makes the following findings:

This Consent Judgment, approving and incorporating the parties' Agreement, should be entered. The parties were authorized by law to enter the Agreement and are bound by it, without any further approval, advice, or consent by any other person, business, or government agency.[2] As a compromise of unliquidated claims, the Agreement is consistent with all requirements of

---

[1] The Settling Defendants are Siemens Industry, Inc., Siemens Corporation, Chris McNeil, U.S. Consolidated, Inc., M.A.C. & Associates, LLC, and IVision IT Consultants, LLC.

[2] The terms of the Agreement were approved by the City's City Council on March 17, 2020.



1

controlling law, including, but not limited to, Mississippi statutory requirements for energy performance contracting, and the applicable Mississippi Development Authority regulations and other agency guidance issued to enforce those requirements; and Article 4, § 100 of the Mississippi Constitution.  The Agreement is an appropriate and lawful exercise of the City's powers, as provided by the State of Mississippi and its laws.

It is therefore

ORDERED and ADJUDGED as follows:

The terms of the Agreement are just and in the best interests of the City and the Settling Defendants, and the Agreement is hereby approved;

The Agreement complies with controlling law and the parties possessed the necessary authority to enter it;

The parties are directed to comply with the terms of the Agreement;

The Court retains jurisdiction to enforce the Agreement and this Consent Judgment;

All counts of the First Amended Complaint asserted by the City against the Settling Defendants are dismissed with prejudice;

All claims asserted in this action by any of the Settling Defendants against the City or one of the other Settling Defendants are dismissed with prejudice;

This Consent Judgment shall have binding and preclusive effect to the fullest extent permitted by Mississippi law.

SO ORDERED and ADJUDGED this 6ᵗʰ day of April 2020.

_____

JUSTICE OLIVER DIAZ, as Special Judge
by appointment

**APPROVED:**

CITY OF JACKSON, MISSISSIPPI

By: _____

Its: _____

By its Attorneys:

_/s/ Winston J. Thompson, III_
Winston J. Thompson, III (MSB # 100157)
WINSTON J. THOMPSON, III, PLLC

U.S. CONSOLIDATED, INC.

By: _____

Its: _____

By its Attorneys:

_/s/ Rayford G. Chambers_
Rayford G. Chambers (MSB # 10503)
CHAMBERS & GAYLOR LAW FIRM PLLC

SIEMENS INDUSTRY, INC. and
SIEMENS CORPORATION

By: _____

Its: _____

By their Attorneys:

_/s/ Roy D. Campbell, III_
Roy D. Campbell, III (MSB #5562)
BRADLEY ARANT BOULT CUMMINGS
LLP

M.A.C. & ASSOCIATES, LLC

By: _____

Its: _____

By its Attorneys:

_/s/ Joe Nathan Tatum_
Joe Nathan Tatum (MSB # 10308)
TATUM & WADE, PLLC

IVISION IT CONSULTANTS, LLC

By: _____

Its: _____

By its Attorneys:

*/s/ Terris Harris*
_____
Terris Harris (MSB # 99433)
MAPLES HARRIS, PLLC

CHRIS McNEIL

_____

By his Attorneys:

*/s/ Kevin E. Gay*
_____
Kevin E. Gay (MSB # 100721)
KEVIN GAY ATTORNEY AT LAW, PLLC

**APPROVED:**

CITY OF JACKSON, MISSISSIPPI

By: _____

Its: Mayor of Jackson, MS

By its Attorneys:

_____
Winston J. Thompson, III (MSB # 100157)
WINSTON J. THOMPSON, III, PLLC

SIEMENS INDUSTRY, INC. and
SIEMENS CORPORATION

By: _____

Its: _____

By their Attorneys:

_____
Roy D. Campbell, III (MSB #5562)
BRADLEY ARANT BOULT CUMMINGS
LLP

IVISION IT CONSULTANTS, LLC

By: _____

Its: _____

By its Attorneys:

_____
Terris Harris (MSB # 99433)
MAPLES HARRIS, PLLC

U.S. CONSOLIDATED, INC.

By: _____

Its: _____

By its Attorneys:

_____
Rayford G. Chambers (MSB # 10503)
CHAMBERS & GAYLOR LAW FIRM PLLC

M.A.C. & ASSOCIATES, LLC

By: _____

Its: _____

By its Attorneys:

_____
Joe Nathan Tatum (MSB # 10308)
TATUM & WADE, PLLC

3

**APPROVED:**

CITY OF JACKSON, MISSISSIPPI

By: _____

Its: _____

By its Attorneys:

_____
Winston J. Thompson, III (MSB # 100157)
WINSTON J. THOMPSON, III, PLLC

U.S. CONSOLIDATED, INC.

By: _____

Its: _____

By its Attorneys:

_____
Rayford G. Chambers (MSB # 10503)
CHAMBERS & GAYLOR LAW FIRM PLLC

SIEMENS INDUSTRY, INC. and
SIEMENS CORPORATION

By: _____

Its: _____

By their Attorneys:

_____
Roy D. Campbell, III (MSB #5562)
BRADLEY ARANT BOULT CUMMINGS
LLP

M.A.C. & ASSOCIATES, LLC

By: _____

Its: _____

By its Attorneys:

_____
Joe Nathan Tatum (MSB # 10308)
TATUM & WADE, PLLC

IVISION IT CONSULTANTS, LLC

By: _____

Its: _____

By its Attorneys:

_____
Terris Harris (MSB # 99433)
MAPLES HARRIS, PLLC

3

**APPROVED:**

CITY OF JACKSON, MISSISSIPPI

By: _____

Its: _____

By its Attorneys:

/s/ Winston J. Thompson, III
_____
Winston J. Thompson, III (MSB # 100157)
WINSTON J. THOMPSON, III, PLLC


SIEMENS INDUSTRY, INC. and
SIEMENS CORPORATION

By: _____
    Orlyn O. Lockard, III
Its: Vice-President & Associate General Counsel


By their Attorneys:

/s/ Roy D. Campbell, III
_____
Roy D. Campbell, III (MSB #5562)
BRADLEY ARANT BOULT CUMMINGS
LLP


IVISION IT CONSULTANTS, LLC


By: _____

Its: _____


By its Attorneys:

/s/ Terris Harris
_____
Terris Harris (MSB # 99433)
MAPLES HARRIS, PLLC


U.S. CONSOLIDATED, INC.

By: _____

Its: _____

By its Attorneys:

/s/ Rayford G. Chambers
_____
Rayford G. Chambers (MSB # 10503)
CHAMBERS & GAYLOR LAW FIRM PLLC


M.A.C. & ASSOCIATES, LLC

By: _____

Its: _____


By its Attorneys:

/s/ Joe Nathan Tatum
_____
Joe Nathan Tatum (MSB # 10308)
TATUM & WADE, PLLC


3

**APPROVED:**

CITY OF JACKSON, MISSISSIPPI             U.S. CONSOLIDATED, INC.

By: _____             By: _____

Its: _____             Its: _____

By its Attorneys:                          By its Attorneys:

_____                  _____
Winston J. Thompson, III (MSB # 100157)    Rayford G. Chambers (MSB # 10503)
WINSTON J. THOMPSON, III, PLLC             CHAMBERS & GAYLOR LAW FIRM PLLC

SIEMENS INDUSTRY, INC. and                 M.A.C. & ASSOCIATES, LLC
SIEMENS CORPORATION

By: _____             By: _____

Its: _____             Its: _____

By their Attorneys:                        By its Attorneys:

_____                  _____
Roy D. Campbell, III (MSB #5562)           Joe Nathan Tatum (MSB # 10308)
BRADLEY ARANT BOULT CUMMINGS               TATUM & WADE, PLLC
LLP

IVISION IT CONSULTANTS, LLC

By: _____

Its: _____

By its Attorneys:

_____
Terris Harris (MSB # 99433)
MAPLES HARRIS, PLLC

**APPROVED:**

CITY OF JACKSON, MISSISSIPPI

By: _____

Its: _____

By its Attorneys:

_____
Winston J. Thompson, III (MSB # 100157)
WINSTON J. THOMPSON, III, PLLC


SIEMENS INDUSTRY, INC. and
SIEMENS CORPORATION

By: _____

Its: _____

By their Attorneys:

_____
Roy D. Campbell, III (MSB #5562)
BRADLEY ARANT BOULT CUMMINGS
LLP


IVISION IT CONSULTANTS, LLC

By: _____

Its: CEO

By its Attorneys:

_____
Terris Harris (MSB # 99433)
MAPLES HARRIS, PLLC


U.S. CONSOLIDATED, INC.

By: _____

Its: _____

By its Attorneys:

_____
Rayford G. Chambers (MSB # 10503)
CHAMBERS & GAYLOR LAW FIRM PLLC


M.A.C. & ASSOCIATES, LLC

By: _____

Its: _____

By its Attorneys:

_____
Joe Nathan Tatum (MSB # 10308)
TATUM & WADE, PLLC

3

CHRIS McNEIL

_____

By his Attorneys:

_____

Kevin E. Gay (MSB # 100721)
KEVIN GAY ATTORNEY AT LAW, PLLC

4

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into as of the 17th day of March, 2020, by and on behalf of the City of Jackson, Mississippi (the "City"), Siemens Industry, Inc. ("Siemens"), Siemens Corporation, Chris McNeil ("McNeil"), U.S. Consolidated, Inc. ("U.S. Consolidated"), M.A.C. & Associates, LLC ("M.A.C."), IVision IT Consultants LLC ("IVision"), and Garrett Enterprises Consolidated, Inc. ("Garrett") collectively the "Parties" and each individually a "Party."

## RECITALS

WHEREAS, on or about January 30, 2013, the City and Siemens entered into a Performance Contracting Agreement (the "PCA"), as subsequently amended four times, which contemplated improvements to the City's water and sewer systems, including by, among other things, installing an automated water metering and billing system for the City (the "System");

WHEREAS, in connection with the PCA, Siemens entered into separate subcontracts with each of the following entities:  U.S. Consolidated, M.A.C., IVision, Garrett, and Mueller Systems LLC ("Mueller");

WHEREAS, on or about June 11, 2019, the City filed a Complaint in the Circuit Court of the First Judicial Circuit of Hinds County, Mississippi, styled *City of Jackson v. Siemens Industry, Inc., Siemens Corporation, Siemens AG, Chris McNeil, U.S. Consolidated, Inc., U.S. Consolidated Group LLC, M.A.C. & Associates, LLC, IVision IT Consultants LLC, Garrett Enterprises Consolidated, Inc., and John Does 1-10* (the "Lawsuit");

WHEREAS, on August 18, 2019, the City filed in the Lawsuit a stipulation of dismissal without prejudice of U.S. Consolidated Group LLC; and

WHEREAS, on October 14, 2019, the City filed in the Lawsuit a stipulation of dismissal without prejudice of Siemens AG; and

WHEREAS, on November 12, 2019, the City filed a First Amended Complaint in the Lawsuit, adding Mueller as a defendant; and

WHEREAS, on February 20, 2020, the City filed a notice of dismissal of its claims in the Lawsuit against Garrett; and

WHEREAS, on February 20, 2020, the City filed a motion to dismiss its claims in the Lawsuit against U.S. Consolidated; and

WHEREAS, on February 24, 2020, the City filed a motion to dismiss its claims in the Lawsuit against M.A.C.; and

EXHIBIT 1

WHEREAS, on February 24, 2020, the City filed a notice of dismissal without prejudice of its claims in the Lawsuit against Mueller; and

WHEREAS, the Parties desire to settle and compromise the dispute among themselves subject to the terms and conditions contained in this Agreement;

NOW, THEREFORE, for agreed and valuable consideration, the sufficiency of which is hereby acknowledged, and in consideration of the mutual undertakings set forth herein, the Parties agree as follows:

1.    **Definitions**.    For purposes of this Agreement, the terms below shall have the designated meanings.

a.    "**Siemens Parties**" shall mean and refer to Siemens Industry, Inc. and Siemens Corporation, and any and all present and former related or affiliated entities, including, but not limited to, any and all direct and indirect parent or subsidiary companies.

b.    "**Subcontractor Defendants**" shall mean and refer to U.S. Consolidated M.A.C., IVision, and Garrett and any and all present and former related or affiliated entities, including, but not limited to, any and all direct and indirect parent or subsidiary companies.

c.    "**Siemens/Subcontractors Released Parties**" shall mean and refer to the Siemens Parties and the Subcontractor Defendants, and each of their present and former officers, directors, shareholders, employees (including, but not limited to, Chris McNeil), attorneys, agents, servants, representatives, employees, and insurers.

d.    "**City/Subcontractors Released Parties**" shall mean and refer to the City and the Subcontractor Defendants, and each of their present and former officers, directors, shareholders, employees, attorneys, agents, servants, representatives, employees, and insurers.

e.    "**City/Siemens Released Parties**" shall mean and refer to the City and the Siemens Parties, and each of their present and former officers, directors, shareholders, employees (including, but not limited to, Chris McNeil), attorneys, agents, servants, representatives, employees, and insurers.

2.    **Terms and Conditions Concerning Payment to City.**    Siemens shall pay the City the sum of $89,800,267.00 (the "Settlement Funds"), subject to the terms and conditions in this Agreement and consistent with reasonable wiring instructions from the City's counsel. Such payment shall be made by wire transfer to the trust account for the

City's counsel—Lightfoot, Franklin & White LLC—within 30 days after both (a) execution of this Agreement by all Parties; and (b) approval of the Agreement by the City's City Council and entry of the approved Agreement in the City's Council's minutes. The funds shall be held in that escrow account and not released until the Consent Judgment required by Section 5 of this Agreement has been entered. The payment of the Settlement Funds is made solely in connection with the compromise of disputed civil claims asserted by the City in the Lawsuit, and no portion of the payment represents or includes a penalty, fine, assessment, or similar charge for violation of any federal, state, or municipal statute, regulation, ordinance, rule, or policy.

3.    **Terms and Conditions Concerning Payments to Subcontractor Defendants.** Siemens shall pay to each of M.A.C.,U.S. Consolidated, IVision, and Garrett the sum of $50,000.00, subject to the terms and conditions in this Agreement and consistent with reasonable wiring instructions from the respective counsel for M.A.C., U.S. Consolidated, IVision, and Garrett. Such payments shall be made by wire transfer to M.A.C.,U.S. Consolidated, IVision, and Garrett within 30 days of entry of the Consent Judgment pursuant to paragraph 5 below.

4.    **Use of Funds.** The City shall have sole and exclusive authority and responsibility with regard to the use of the Settlement Funds. The Parties expressly acknowledge and agree that Siemens shall have no role or obligation in connection with the City's allocation, use, or disbursement of the Settlement Funds. The Parties acknowledge and agree that neither this Settlement Agreement nor the payment of the Settlement Funds confers any right or benefit upon any third parties or other persons, including, but not limited to, bondholders of the Mississippi Development Bank Special Obligation Bonds, Series 2013 issued on or about June 27, 2013, and any person or entity who purchases water or sewer services from the City. No person or entity other than the Parties and released persons and entities, and their respective successors and assigns, shall have any enforceable right under this Agreement.

5.    **Consent Judgment.** The Parties agree to entry of a consent judgment in the Lawsuit in the form attached hereto as Exhibit 1. The consent judgment will be submitted by counsel for Siemens for entry in the Lawsuit within 3 business days after execution of this Agreement by all Parties.

6.    **Release by the City.** The City, to the full extent permitted by state and federal law, hereby releases and forever discharges the Siemens/Subcontractors Released Parties of and from any and all claims, demands, causes of action, actions, suits, and claims of every kind or nature, known or unknown, which the City may have or may have had at any time heretofore or may have at any time hereafter pertaining or relating to or in any manner resulting from or arising out of the negotiation, representations concerning, or performance of the PCA; and more particularly, without in any way limiting the generality of the foregoing, the City releases and forever discharges the Siemens/Subcontractors Released Parties of and from any and all claims, demands, causes of

action, actions, suits, and claims of every kind or nature, known or unknown, which the City may have or may have had at any time heretofore or may have at any time hereafter pertaining or relating to or in any manner resulting from or arising out of or in any way related to any act or omission of any of the Siemens/Subcontractors Released Parties with regard to the installation, maintenance, performance, design, or operation of the System, including any of its component parts; and more particularly, but without in any way limiting the generality of the foregoing, the City releases and forever discharges the Siemens/Subcontractors Released Parties of and from any and all claims, demands, causes of action, actions, suits, and claims of every kind or nature, known or unknown, which the City may have or may have had at any time heretofore or may have at any time hereafter pertaining or relating to or in any manner resulting from or arising out of any and all any claims concerning, relating to, or arising out of the PSA or the System that were or could have been asserted by the City in the Lawsuit. The foregoing shall be construed so as to provide the broadest general release by the City of the Siemens/Subcontractors Released Parties that is permissible under applicable law. Nothing in this paragraph shall affect or be construed as affecting any of the City's claims against or rights to relief from Mueller.

7.     **Release by the Siemens Parties.**  Siemens and Siemens Corporation, to the full extent permitted by state and federal law, hereby release and forever discharge the City/Subcontractors Released Parties of and from any and all claims, demands, causes of action, actions, suits, and claims of every kind or nature, known or unknown, which Siemens or Siemens Corporation may have or may have had at any time heretofore or may have at any time hereafter pertaining or relating to or in any manner resulting from or arising out of the negotiation, representations concerning, or performance of the PCA; and more particularly, without in any way limiting the generality of the foregoing, Siemens and Siemens Corporation release and forever discharge the City/Subcontractors Released Parties of and from any and all claims, demands, causes of action, actions, suits, and claims of every kind or nature, known or unknown, which Siemens or Siemens Corporation may have or may have had at any time heretofore or may have at any time hereafter pertaining or relating to or in any manner resulting from or arising out of or in any way related to any act or omission of any of the City/Subcontractors Released Parties with regard to the installation, maintenance, performance, design, or operation of the System, including any of its component parts; and more particularly, but without in any way limiting the generality of the foregoing, Siemens and Siemens Corporation release and forever discharge the City/Subcontractors Released Parties of and from any and all claims, demands, causes of action, actions, suits, and claims of every kind or nature, known or unknown, which Siemens or Siemens Corporation may have or may have had at any time heretofore or may have at any time hereafter pertaining or relating to or in any manner resulting from or arising out of any and all any claims concerning, relating to, or arising out of the PSA or the System that were or could have been asserted by Siemens or Siemens Corporation in the Lawsuit. The foregoing shall be construed so as to provide the broadest general release by Siemens and Siemens Corporation of the City/

Subcontractors Released Parties that is permissible under applicable law. Nothing in this paragraph shall affect or be construed as affecting Siemens' or Siemens Corporation's claims against or rights to relief from Mueller.

8.    **Release by Subcontractor Defendants.** Each of the Subcontractor Defendants, to the full extent permitted by state and federal law, hereby releases and forever discharges the City/Siemens Released Parties of and from any and all claims, demands, causes of action, suits, and claims of every kind or nature, known or unknown, which such Subcontractor Defendant may have or may have had at any time heretofore or may have at any time hereafter pertaining or relating to or in any manner resulting from or arising out of the negotiation, representations concerning, or performance of the PCA; and more particularly, without in any way limiting the generality of the foregoing, each of the Subcontractor Defendants releases and forever discharges the City/Siemens Released Parties of and from any and all claims, demands, causes of action, actions, suits, and claims of every kind or nature, known or unknown, which such Subcontractor Defendant may have or may have had at any time heretofore or may have at any time hereafter pertaining or relating to or in any manner resulting from or arising out of or in any way related to any act or omission of any of the City/Siemens Released Parties with regard to the installation, maintenance, performance, design, or operation of the System, including any of its component parts; and more particularly, but without in any way limiting the generality of the foregoing, each of the Subcontractor Defendants releases and forever discharges the City/Siemens Released Parties of and from any and all claims, demands, causes of action, actions, suits, and claims of every kind or nature, known or unknown, which such Subcontractor Defendants may have or may have had at any time heretofore or may have at any time hereafter pertaining or relating to or in any manner resulting from or arising out of any and all any claims concerning, relating to, or arising out of the PSA or the System that were or could have been asserted by such Subcontractor Defendant in the Lawsuit. The foregoing shall be construed so as to provide the broadest general release by each of the Subcontractor Defendants of the City/Siemens Released Parties that is permissible under applicable law. Nothing in this paragraph shall affect or be construed as affecting any of the Subcontractor Defendants' claims against or rights to relief from Mueller.

9.    **Release by McNeil.** McNeil, to the full extent permitted by state and federal law, hereby releases and forever discharges the City/Subcontractors Released Parties of and from any and all claims, demands, causes of action, suits, and claims of every kind or nature, known or unknown, which McNeil may have or may have had at any time heretofore or may have at any time hereafter pertaining or relating to or in any manner resulting from or arising out of the negotiation, representations concerning, or performance of the PCA; and more particularly, without in any way limiting the generality of the foregoing, McNeil releases and forever discharges the City/Subcontractors Released Parties of and from any and all claims, demands, causes of action, actions, suits, and claims of every kind or nature, known or unknown, which

McNeil may have or may have had at any time heretofore or may have at any time hereafter pertaining or relating to or in any manner resulting from or arising out of or in any way related to any act or omission of any of the City/Subcontractors Released Parties with regard to the installation, maintenance, performance, design, or operation of the System, including any of its component parts; and more particularly, but without in any way limiting the generality of the foregoing, McNeil releases and forever discharges the City/Subcontractors Released Parties of and from any and all claims, demands, causes of action, actions, suits, and claims of every kind or nature, known or unknown, which McNeil may have or may have had at any time heretofore or may have at any time hereafter pertaining or relating to or in any manner resulting from or arising out of any and all any claims concerning, relating to, or arising out of the PSA or the System that were or could have been asserted by McNeil in the Lawsuit. The foregoing shall be construed so as to provide the broadest general release by McNeil of the City/Subcontractors Released Parties that is permissible under applicable law. Nothing in this paragraph shall affect or be construed as affecting any of McNeil's claims against or rights to relief from Mueller.

10.    **Covenant Not to Sue.** Each of the Parties agrees that he or it will not commence, prosecute, or permit anyone within his or its control to commence or prosecute any action or other proceeding against any of the persons or entities that such Party has released under this Agreement with respect to the claims released herein, except to enforce this Agreement.   This covenant is enforceable as a contract, separate and apart from the releases granted elsewhere in this Agreement.   Breach of this covenant shall entitle the aggrieved Party to any and all damages resulting from such breach, including but not limited to all attorneys' fees and costs incurred in connection with responding to any action brought in violation of this covenant.

11.    **Assignment of Claims Against Mueller.**   The City hereby assigns to Siemens any and all claims that it, respectively, has, owns, or holds against Mueller and Mueller Water Products, Inc., including, but not limited to, each and every claim that the City asserted, or could have asserted, against Mueller in the Lawsuit, and each and every claim that the City asserted, or could have asserted, against Mueller in any other action arising from the PCA or the System (the "Assigned Claims Against Mueller").

12.    **Covenant Not to Sue Mueller by Subcontractor Defendants and McNeil.** Each of the Subcontractor Defendants and McNeil agrees that it or he will not commence, prosecute, or permit anyone within its control to commence or prosecute any claim, action or other proceeding against Mueller or Mueller Water Products, Inc. arising from the PCA or the System; provided, however, that if Mueller or Mueller Water Products, Inc. asserts a claim arising from the PCA or the System against one of the Subcontractor Defendants or McNeil in any action or proceeding, then the Subcontractor Defendants or McNeil against whom such a claim is asserted shall be permitted to assert a counterclaim or crossclaim in response to such claim.

13.    **Attorneys' Fees and Costs.**  Each of the Parties agrees to bear his or its own attorneys' fees and expenses incurred in connection with the Lawsuit and this Agreement or in otherwise carrying out this Agreement.

14.    **Denial of Liability and No Admissions of Fact.**  All Parties acknowledge and agree that the Siemens Parties, McNeil, and the Subcontractor Defendants deny any liability or wrongdoing whatsoever, including, but not limited to, any liability or wrongdoing in connection with the claims asserted by any Party in the Lawsuit or in any way relating to the PCA or the System.  Furthermore, all Parties agree and acknowledge that the Siemens Parties, McNeil, and the Subcontractor Defendants are making no admission of any fact asserted by any Party in the Lawsuit or otherwise with regard to the PCA or the System.

15.    **Termination of Obligations.**  This Agreement terminates any and all obligations to the City that the Siemens Parties, the Subcontractor Defendants, and/or McNeil have, may have had, or may have in the future related to the PCA or the System.   This Agreement also terminates any and all obligations to the Subcontractor Defendants that Siemens and/or McNeil may have had related to the PCA or the System.

16.    **Covenant of Cooperation.**  Each of the Parties agrees to execute or cause its counsel to execute any additional documents and take any further action that may reasonably be required to consummate this Agreement or otherwise to fulfill the obligations of such Party hereunder.   The City separately agrees to cooperate with Siemens in its pursuit of the Assigned Claims Against Mueller and any other claims that Siemens may bring against Mueller or Mueller Water Products, Inc. related to the PCA or the System by providing relevant and non-privileged documents in response to subpoenas, by making witnesses available to provide information upon reasonable notice and request from Siemens, and by not unreasonably opposing any validly-issued discovery requests or motions seeking relevant information.  The City further agrees to not intervene in any action brought by Siemens to oppose Siemens' pursuit of the Assigned Claims Against Mueller and any other claims that Siemens may bring against Mueller or Mueller Water Products, Inc. related to the PCA or the System.

17.    **Capacity to File and Dismiss Lawsuit.**  The City declares and warrants that the City had the authority and capacity to file its claims in the Lawsuit and that it has the authority to consent to the dismissal of those claims.   The City further represents and warrants that it has not assigned to any other person or party all or any portion of any claim whatsoever that the City may have against the Siemens/Subcontractors Released Parties or Mueller.

18.    **Joint Statement.**  Upon execution of this Agreement, the City and Siemens shall issue a joint public statement in writing (the "Joint Statement") regarding the resolution of the claims released by this Agreement.  The Joint Statement shall state:

> *Following a meaningful dialogue between both parties, the City of Jackson and Siemens have reached a mutual and final agreement to settle this issue.*

> *The parties are pleased to resolve this matter, and although the project did not end as either party hoped, the City recognizes the efforts of Siemens personnel to identify solutions to challenging issues throughout the course of its work.*

The Joint Statement shall not contain or be accompanied by any other statements, comments, or remarks, written or verbal, which might reasonably be considered to mean that a Party was at fault, wrong, violated any laws, or liable

**19.    Notice to Mississippi Development Authority.**  Within three (3) days of the execution of this Agreement, the City shall give written notice to the Mississippi Development Authority ("MDA") that this Agreement has been executed, and that the Agreement terminates and extinguishes any and all obligations by Siemens in relation to the PCA and the System.  The City shall simultaneously provide a copy of such written notice to Siemens.

**20.    No Reliance on Representations.**  Each of the Parties declares and warrants that no representations made by any agent or attorney of any of the other Parties concerning the validity or merit of any claim has induced the warranting party to enter into this Agreement and that each of the Parties is acting upon his or its own best judgment, belief, and knowledge of the nature and validity of any and all claims or potential claims in entering into this Agreement, and that each of the Parties is acting with the advice of legal counsel chosen by him or her, and has had a full and fair opportunity to consult with counsel regarding this Agreement and all matters referenced herein.

**21.    Mistake of Fact and Waiver.**  Each of the Parties accepts and assumes the risk of discovering facts that could have affected his or its decision to enter into this Agreement, and each of the Parties agrees that all the terms of this Agreement shall be in all respects effective and not subject to termination or rescission due to discovery of additional or different facts.  Each of the Parties also agrees, represents, and warrants that he or it realizes and acknowledges that factual matters that may be discovered in the future could give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses which are presently unknown, unanticipated, or unexpected; that such Party is not relying on any other Party to disclose any such unknown matters; and each Party further agrees, represents, and warrants that this Agreement has been negotiated and agreed upon in light of that circumstance.  The Parties expressly waive any claim for fraud in the inducement of this Agreement.

22.  **Representations and Warranties.**  The Parties make no representations or warranties of any kind to each other except as specifically set out in this Agreement.

23.  **Destruction of Documents.**  The City will not disclose or disseminate any documents produced by Siemens in connection with the Lawsuit, including but not limited to documents produced in connection with the mediation conducted following the filing of the Lawsuit, except to the extent required by law.  Further, the City agrees that it will, within forty-five (45) days of receipt of the Settlement Funds, and without disclosing or disseminating them in the meantime (except as may be required by law), (i) return or destroy all documents in its possession, custody, control produced by Siemens in connection with the Lawsuit, including but not limited to documents produced in connection with the mediation conducted following the filing of the Lawsuit, and (ii) instruct each of its counsel who may be in possession, custody, or control of documents produced by Siemens in connection with the Lawsuit, including but not limited to documents produced in connection with the mediation conducted following the filing of the Lawsuit, to do the same.

24.  **Binding Nature of Settlement Agreement.**  Each of the Parties agrees that, to the fullest extent permitted by applicable law, the heirs, administrators, executors, successors and assigns of the Parties shall be fully bound by this Agreement and all provisions hereof, just as each of the Parties is bound, and each of the Parties agrees that each and every provision of this Agreement inures to the benefit of each of the other Parties and his, her, or its heirs, administrators, executors, successors and assigns.

25.  **Beneficiaries.**  Except as expressly provided herein, this Agreement is intended to confer rights and benefits only on the Parties and the persons or entities released in this Agreement and their respective successors and assigns.  This Agreement is not intended to confer any right or benefit upon any other third parties or other persons.  No person or entity other than the Parties and released persons and entities, and their respective successors and assigns, shall have any enforceable right under this Agreement.  All rights of action for any breach of this Agreement are expressly reserved for the Parties and the persons and entities released under this Agreement, and their respective successors and permitted assigns.

26.  **Choice of Law.**  This Agreement shall be governed by, construed, interpreted, and enforced in accordance with the laws of the State of Mississippi without reference to conflict of law provisions.

27.  **Ambiguity.**  This Agreement has been prepared by the combined efforts of the Parties and their respective attorneys.  No party may claim that any ambiguity of any term, word, phrase, or provision of this Agreement is to be construed against another Party on the grounds that the other Party is the drafter of the term, word, phrase, or provision in question.  Accordingly, the Parties expressly waive any rule or any legal

decision that would require interpretation of any ambiguities in this Agreement against the Party that has drafted it.

**28.    Retention of Jurisdiction.**    All disputes relating to or arising out of this Agreement shall be presented to the Circuit Court of the First Judicial District for Hinds County, Mississippi acting by and through the Honorable Oliver Diaz (acting by special appointment of the Supreme Court of Mississippi) for resolution, and shall be subject to the exclusive retained jurisdiction of said court in the Lawsuit.

**29.    Entire Agreement.**    This Agreement contains the sole and entire agreement between the parties with respect to the settlement of the claims in the Lawsuit, and this Agreement supersedes any previous understandings, representations, commitments, or agreements, oral or written. There are no conditions precedent to the effectiveness of this Agreement other than as set forth expressly in this Agreement.

**30.    Severability.** If any provision or part of this Agreement shall be determined to be void or unenforceable by a court of competent jurisdiction, the remainder of this Agreement shall remain valid and enforceable unless, due to the severance of the applicable term, Siemens determines that either (a) the Agreement fails of its essential purpose or (b) the severance causes a failure or diminution of consideration for the payment being made by Siemens pursuant to paragraph 2.

**31.    Modification.**    This Agreement shall not be modified or amended except by an instrument in writing signed by or on behalf of the Parties hereto.

**32.    Authority.**    Each Party expressly warrants and represents that the representative signing this Agreement on behalf of such Party has the authority to sign this Agreement on behalf of such Party and to bind such Party to the terms of this Agreement. The City further represents and warrants that it has taken and or will take all steps necessary under applicable law to make the Agreement binding and enforceable against the City.

**33.    Execution of this Agreement.** This Agreement may be enforced by specific performance. This Agreement may be executed in one or more counterparts, all of which, when taken together, will be deemed to constitute the Agreement. Scanned copies of the executed Agreement from a Party shall be deemed to be one and the same as an original signed Settlement Agreement.

In witness whereof, the undersigned have set their hands on the date shown below.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

THE CITY OF JACKSON, MISSISSIPPI

THE CITY OF JACKSON, MISSISSIPPI

By: _____    Date: _03-17-2020_
    Chokwe Antar Lumumba
    Mayor, The City of Jackson

SIEMENS INDUSTRY, INC.

By: _____    Date: _____
Printed Name: _____
Title: _____

SIEMENS CORPORATION

By: _____    Date: _____
Printed Name: _____
Title: _____

CHRIS MCNEIL

By: _____    Date: _____
    Chris McNeil

THE CITY OF JACKSON, MISSISSIPPI

By: _____    Date: _03-17-2020_
Chokwe Antar Lumumba
Mayor, The City of Jackson

SIEMENS INDUSTRY, INC.

By: _____    Date: _03-18-2020_
Printed Name: _____Peter Kamps_____
                     Vice President
Title: _____Finance & Business Administration_____

SIEMENS CORPORATION

By: _____    Date: _____
Printed Name: _____
Title: _____

CHRIS MCNEIL

By: _____    Date: _____
Chris McNeil

THE CITY OF JACKSON, MISSISSIPPI

By: _____    Date: 03-17-2020
    Chokwe Antar Lumumba
    Mayor, The City of Jackson


SIEMENS INDUSTRY, INC.


By: _____    Date: _____

Printed Name: _____

Title: _____


SIEMENS CORPORATION


By: _____    Date: 3/18/2020

Printed Name: Marsha Smith

Title: CFO


CHRIS MCNEIL


By: _____    Date: _____
    Chris McNeil

THE CITY OF JACKSON, MISSISSIPPI

By: _____     Date: 03-17-2020
Chokwe Antar Lumumba
Mayor, The City of Jackson


SIEMENS INDUSTRY, INC.

By: _____     Date: _____

Printed Name: _____

Title: _____


SIEMENS CORPORATION

By: _____     Date: 03-18-2020

Printed Name: Barbara Humpton

Title: CEO, Siemens Corp.


CHRIS MCNEIL

By: _____     Date: _____
Chris McNeil

THE CITY OF JACKSON, MISSISSIPPI

By: _____    Date: 03-17-2020
    Chokwe Antar Lumumba
    Mayor, The City of Jackson


SIEMENS INDUSTRY, INC.

By:    Hopping    Digitally signed by Hopping David    Date: _____
                    DN: cn=Hopping David,
Printed Name: David    email=dave.hopping@siemens.com
                              Date: 2020.03.20 08:39:55 -05'00'
Title: _____


SIEMENS CORPORATION

By: _____    Date: _____
Printed Name: _____
Title: _____


CHRIS MCNEIL

By: _____    Date: _____
    Chris McNeil

**U.S. CONSOLIDATED, INC.**

By: _____    Date: 3/19/2020

Printed Name: _TOM Wallace_

Title: _____


**M.A.C. & ASSOCIATES, LLC**

By: _____    Date: _____

Printed Name: _____

Title: _____


**IVISION IT CONSULTANTS LLC**

By: _____    Date: _____

Printed Name: _____

Title: _____


**GARRETT ENTERPRISES CONSOLIDATED, INC.**

THE CITY OF JACKSON, MISSISSIPPI

By: _____    Date: _03-17-2020_
Chokwe Antar Lumumba
Mayor, The City of Jackson


SIEMENS INDUSTRY, INC.

By: _____    Date: _____
Printed Name: _____
Title: _____


SIEMENS CORPORATION

By: _____    Date: _____
Printed Name: _____
Title: _____


CHRIS MCNEIL

By: _____    Date: _03-17-2020_
Chris McNeil

U.S. CONSOLIDATED, INC.

By: _____          Date: _____

Printed Name: _____

Title: _____


M.A.C. & ASSOCIATES, LLC

By: _____          Date: _____3/26/20_____

Printed Name: ___MARCUS L. WALLACE___

Title: _____President_____


IVISION IT CONSULTANTS LLC

By: _____          Date: _____

Printed Name: _____

Title: _____


GARRETT ENTERPRISES CONSOLIDATED, INC.

U.S. CONSOLIDATED, INC.


By: _____    Date: _____

Printed Name: _____

Title: _____



M.A.C. & ASSOCIATES, LLC


By: _____    Date: _____

Printed Name: _____

Title: _____



IVISION IT CONSULTANTS LLC


By: _____    Date: _____3/26/2020_____

Printed Name: _____James Covington_____

Title: _____CEO_____



GARRETT ENTERPRISES CONSOLIDATED, INC.

GARRETT ENTERPRISES CONSOLIDATED, INC.

By: _____    Date: _3-22-2020_____

Printed Name: _Leland S Garrett_____

Title: _President_____

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**HINDS COUNTY, MISSISSIPPI**

CITY OF JACKSON,

      Plaintiff,

v.                                                                    CAUSE NO. 19-375

SIEMENS INDUSTRY, INC.; ET AL.,

      Defendants.

**CONSENT JUDGMENT**

      The City of Jackson, Mississippi (the "City"), Siemens Industry, Inc., Chris McNeil, U.S.

Consolidated, Inc., M.A.C. & Associates, LLC, and IVision IT Consultants, LLC executed a

Settlement Agreement and Release dated as of March 17, 2020 ("Agreement"), which

memorializes the terms by which the City and the Settling Defendants[1] have resolved their dispute

in the above-styled action.  A copy of the Agreement is attached as Exhibit 1 and incorporated by

reference into this Consent Judgment.  The Court, having reviewed and considered the Agreement,

makes the following findings:

      This Consent Judgment, approving and incorporating the parties' Agreement, should be

entered.  The parties were authorized by law to enter the Agreement and are bound by it, without

any further approval, advice, or consent by any other person, business, or government agency.[2]

As a compromise of unliquidated claims, the Agreement is consistent with all requirements of

controlling law, including, but not limited to, Mississippi statutory requirements for energy

performance contracting, and the applicable Mississippi Development Authority regulations and

---

[1] The Settling Defendants are Siemens Industry, Inc., Siemens Corporation, Chris McNeil, U.S.
Consolidated, Inc., M.A.C. & Associates, LLC, and IVision IT Consultants, LLC.
[2] The terms of the Agreement were approved by the City's City Council on March 17, 2020.

1

EXHIBIT 1
to Settlement Agreement & Release

other agency guidance issued to enforce those requirements; and Article 4, § 100 of the Mississippi Constitution. The Agreement is an appropriate and lawful exercise of the City's powers, as provided by the State of Mississippi and its laws.

It is therefore

ORDERED and ADJUDGED as follows:

The terms of the Agreement are just and in the best interests of the City and the Settling Defendants, and the Agreement is hereby approved;

The Agreement complies with controlling law and the parties possessed the necessary authority to enter it;

The parties are directed to comply with the terms of the Agreement;

The Court retains jurisdiction to enforce the Agreement and this Consent Judgment;

All counts of the First Amended Complaint asserted by the City against the Settling Defendants are dismissed with prejudice;

All claims asserted in this action by any of the Settling Defendants against the City or one of the other Settling Defendants are dismissed with prejudice;

This Consent Judgment shall have binding and preclusive effect to the fullest extent permitted by Mississippi law.

SO ORDERED and ADJUDGED this ___ day of March 2020.


_____
JUSTICE OLIVER DIAZ, as Special Judge by appointment

**APPROVED:**

CITY OF JACKSON, MISSISSIPPI          U.S. CONSOLIDATED, INC.

By: _____          By: _____

Its: _____          Its: _____


By its Attorneys:          By its Attorneys:


_____          _____
Winston J. Thompson, III (MSB # 100157)          Rayford G. Chambers (MSB # 10503)
WINSTON J. THOMPSON, III, PLLC          CHAMBERS & GAYLOR LAW FIRM PLLC


SIEMENS INDUSTRY, INC. and          M.A.C. & ASSOCIATES, LLC
SIEMENS CORPORATION

By: _____          By: _____

Its: _____          Its: _____


By their Attorneys:          By its Attorneys:


_____          _____
Roy D. Campbell, III (MSB #5562)          Joe Nathan Tatum (MSB # 10308)
BRADLEY ARANT BOULT CUMMINGS          TATUM & WADE, PLLC
LLP


IVISION IT CONSULTANTS, LLC

By: _____

Its: _____


By its Attorneys:


_____
Terris Harris (MSB # 99433)
MAPLES HARRIS, PLLC

CHRIS McNEIL

_____

By his Attorneys:

_____
Kevin E. Gay (MSB # 100721)
KEVIN GAY ATTORNEY AT LAW, PLLC