**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| Priscilla Sterling, Raine Becker, Shawn Miller, and John Bennett, individually and on Behalf of all other similarly situated | **Plaintiffs** |
| **v.** | **Civil No. 3:22-cv-531-KHJ-MTP** |
| The City of Jackson, Mississippi; Chokwe A. Lumumba; Tony Yarber; Kishia Powell; Robert Miller; Jerriot Smash; Siemens Corporation; Siemens Industry, Inc.; and Trilogy Engineering Services LLC | **Defendants** |

## ANSWER AND DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

The City of Jackson, Mississippi, Chokwe A. Lumumba, Tony Yarber, Kishia Powell, Robert Miller and Jerriot Smash (collectively "Defendants"), through counsel, respond to Plaintiffs' Class Action Complaint as follows:

### INTRODUCTORY STATEMENT

1. Denied.

2. The City of Jackson's population is approximately 150,000 and it is majority Black. Otherwise, denied.

3. Denied.

4. Denied.

### JURISDICTION

5. Plaintiffs initiated this civil action, invoking 42 U.S.C. § 1983. Otherwise, denied.

6. Denied.

7. Denied.

8. The City of Jackson is a Mississippi municipality, subject to the personal jurisdiction of the Southern District of Mississippi. Otherwise, denied.

9.     Mayor Lumumba is a citizen and resident of Mississippi, subject to the personal jurisdiction of the Southern District of Mississippi. Otherwise, denied.

10.     Yarber is a citizen and resident of Mississippi, subject to the personal jurisdiction of the Southern District of Mississippi. Otherwise, denied.

11.     Powell may be subject to the personal jurisdiction of the Southern District of Mississippi for alleged acts she performed during time as the City's public works director. Otherwise, denied.

12.     Smash may be subject to the personal jurisdiction of the Southern District of Mississippi for alleged acts he performed during time as the City's public works director. Otherwise, denied.

13.     Miller may be subject to the personal jurisdiction of the Southern District of Mississippi for alleged acts he performed during time as the City's public works director. Otherwise, denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

## PARTIES

18.     Insufficient knowledge or information sufficient; therefore, denied.

19.     Denied.

20.     Denied.

21.     The City of Jackson is a Mississippi municipality and the capital of Mississippi. Jackson maintains and operates a public waterworks system consistent with its federal, state, and local government obligations.  Otherwise, denied.

22.    Denied.

23.    Mayor Lumumba is the mayor of the City of Jackson, performing the duties and responsibilities of that office in comportment with the law.  Otherwise, denied.

24.    Yarber is a former mayor of the City of Jackson.  Otherwise, denied.

25.    Powell is a former Public Works Director for the City of Jackson.  Otherwise, denied.

26.    Smash is a former Interim Public Works Director for the City of Jackson. Otherwise, denied.

27.    Miller is a former Public Works Director for the City of Jackson.  Otherwise, denied.

28.    Denied.

29.    Denied.

30.    Insufficient knowledge or information; therefore, denied.

31.    Insufficient knowledge or information; therefore, denied.

32.    Insufficient knowledge or information; therefore, denied.

33.    The first sentence is denied.  Insufficient knowledge or information regarding remaining sentences; therefore, denied.

34.    Insufficient knowledge or information; therefore, denied.

35.    Insufficient knowledge or information; therefore, denied.

## STATEMENT OF THE FACTS

**I.    To the extent a response is required, denied.**

36.    Admitted.

37.     The City of Jackson's public water system provides water for human consumption. Otherwise, denied.

38.     A majority of the City of Jackson's population is Black.  Otherwise, denied.

39.     Admitted.

40.     Admitted.

41.     Admitted.

42.     Denied.

43.     Admitted.

44.     Admitted.

45.     The City of Jackson has an aging water system.  Otherwise, denied.

46.     Denied.

**II.     To the extent a response is required, denied.**

**A.  To the extent a response is required, denied.**

47.     Denied.

48.     Denied.

49.     Denied.

50.     In 2011, MSDH identified Hinds County as a high risk area for lead poisoning. Otherwise, denied.

51.     For the monitoring period from January 1, 2010 through December 31, 2012, for Water System No. MS0250008, the reported summary result was .0137 mg/l for lead.  Otherwise, denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Insufficient knowledge or information; therefore, denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Except to admit – upon information and belief – the pH level of certain segments of the Pearl River has fallen below 6.5 on occasion, denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Lime may be used as a part of corrosion control.  Otherwise, denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.    Denied.

**B.  To the extent that a response is required, denied.**

77.    Denied.

78.    For the monitoring period from January 1, 2007 through December 31, 2009, for Water System No. MS0250008, the reported summary result was .0048 mg/l for lead.  Otherwise, denied.

79.    For the monitoring period from January 1, 2011 through December 31, 2013, for Water System No. MS0250008, the reported summary result was .0137 mg/l for lead.  Otherwise, denied.

80.    Except to admit the 2013 test results did not exceed the lead MCL or trigger mandatory action, denied.

81.    Denied.

82.    For the monitoring period from January 1, 2007 through December 31, 2009, for Water System No. MS0250012, the reported summary result was .0017 mg/l for lead.  Otherwise, denied.

83.    For the monitoring period from January 1, 2011 through December 31, 2013, for Water System No. MS0250012, the reported summary result was .0017 mg/l for lead.  Otherwise, denied.

**C.  To the extent that a response is required, denied.**

84.    Denied.

85.    Insufficient knowledge or information; therefore, denied.

86.    Insufficient knowledge or information; therefore, denied.

87.    Insufficient knowledge or information; therefore, denied.

88.     Insufficient knowledge or information; therefore, denied.

89.     Insufficient knowledge or information; therefore, denied.

90.     Insufficient knowledge or information; therefore, denied.

91.     Insufficient knowledge or information; therefore, denied.

92.     Insufficient knowledge or information; therefore, denied.

93.     Insufficient knowledge or information; therefore, denied.

94.     Insufficient knowledge or information; therefore, denied.

95.     Insufficient knowledge or information; therefore, denied.

96.     The July 18, 2018 Press Release is quoted correctly.  Otherwise, denied.

97.     The July 18, 2018 Press Release is quoted correctly.  Otherwise, denied.

98.     Admitted.

99.     Admitted.

100.    Admitted.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

**D.  To the extent that a response is required, denied.**

122.    Denied.

123.    Denied.

124.    Except to deny the Maddox Road Well system served all of Byram, admitted.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

**E.  To the extent that a response is required, denied.**

143.    Admitted.

144.    Denied.

145.    Denied.

146.    For the monitoring period from January 1, 2013 through December 31, 2015, for Water System No. MS0250008, Jackson reported summary results of .0286 mg/l.  Otherwise, denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

**F.  To the extent that a response is required, denied.**

151.    Denied.

152.    The Jackson Free Press quoting Powell as stating, "This is not a situation where you have to stop drinking the water." Otherwise, denied.

153.    Denied.

154.    To paraphrase, Powell stated the LCR results reported to Jackson in January 2016 did not mean Jackson violated the SDWA and Jackson's water was safe. Otherwise, denied.

155.    To paraphrase, Powell stated Flint did not have corrosion control measures, while Jackson did. Otherwise, denied.

156.    Denied.

157.    Denied.

158.    To paraphrase, Yarber stated Jackson was not Flint and he did not want to sound the wrong alarm. Otherwise, denied.

159.    Denied.

160.    Denied.

161.    Powell stated, "[T]here is no lead in the drinking water as it leaves the plant." Otherwise, denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Insufficient knowledge or information; otherwise, denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

**G.  To the extent that a response is required, denied.**

176.    Admitted.

177.    Admitted.

178.    Admitted.

179.    Admitted.

180.    Admitted.

181.    Admitted.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Admitted.

188.    Admitted.

189.    Denied.

190.    Denied.

**H.  To the extent that a response is required, denied.**

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

**I.    To the extent that a response is required, denied.**

        **1.    To the extent that a response is required, denied.**

197.    Admitted.

198.    Denied.

        **2.    To the extent that a response is required, denied.**

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

        **3.    To the extent that a response is required, denied.**

203.    In February 2016, Jackson agreed to a Compliance Plan.  Otherwise, denied.

204.    Admitted.

205.    Admitted.

206.    The City Council approved a contract for Trilogy Engineering Service LLC ("Trilogy") to perform a water treatment system corrosion control study and perform other engineering services.  Otherwise, denied.

207.    Admitted.

208.     Denied.

209.     Insufficient knowledge or information; therefore, denied.

210.     Trilogy was retained to conduct, among other things, a corrosion control study. Otherwise, denied.

211.     Denied.

212.     Denied.

213.     Denied.

214.     Denied.

215.     Denied.

216.     Admitted.

217.     The use of soda ash was one of Trilogy's recommendations to the City of Jackson. Otherwise, denied.

218.     Admitted.

219.     Denied.

220.     The City of Jackson issued the July 18, 2018 Release, entitled "The City of Jackson Addresses Technical Violations Found in Water Treatment Process."  Otherwise, denied.

221.     The City of Jackson issued the July 18, 2018 Release, entitled "The City of Jackson Addresses Technical Violations Found in Water Treatment Process."  Otherwise, denied.

222.     Denied.

223.     Denied.

224.     Denied.

225.     Denied.

226.     Denied.

227.    Denied.

228.    Denied.

229.    Trilogy recommended the switch.  Otherwise, denied.

230.    Denied.

231.    Denied.

**J.   To the extent that a response is required, denied.**

232.    Denied.

233.    The first sentence is denied. Insufficient knowledge or information sufficient regarding the remainder; therefore, denied.

234.    Insufficient knowledge or information; therefore, denied.

235.    Insufficient knowledge or information; therefore, denied.

236.    Insufficient knowledge or information; therefore, denied.

237.    Insufficient knowledge or information; therefore, denied.

238.    Insufficient knowledge or information; therefore, denied.

239.    Insufficient knowledge or information; therefore, denied.

240.    Insufficient knowledge or information; therefore, denied.

241.    Denied.

242.    Denied.

243.    Denied.

244.    Denied.

245.    Insufficient knowledge or information; therefore, denied.

246.    Insufficient knowledge or information; therefore, denied.

247.    Insufficient knowledge or information; therefore, denied.

248.    Denied.

**III.    To the extent that a response is required, denied.**

    **A.  To the extent that a response is required, denied.**

249.    Denied.

250.    Denied.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Denied.

255.    The Mississippi State Health Department issued a boil-water advisory in late July 2022.  Otherwise, denied.

256.    Denied.

257.    Denied.

258.    Denied.

259.    Denied.

260.    Denied.

261.    Denied.

262.    Denied.

263.    Denied.

    **B.  To the extent that a response is required, denied.**

264.    Insufficient knowledge or information; therefore, denied.

265.    The City of Jackson entered into a Performance Contracting Agreement on or about January 30, 2013, which speaks for itself.  Otherwise, denied.

266.    Insufficient knowledge or information; therefore, denied.

267.    Insufficient knowledge or information; therefore, denied.

268.    Insufficient knowledge or information; therefore, denied.

269.    Insufficient knowledge or information; therefore, denied.

270.    Insufficient knowledge or information; therefore, denied.

271.    Insufficient knowledge or information; therefore, denied.

272.    Denied.

273.    Insufficient knowledge or information; therefore, denied.

274.    The settlement agreement between the City of Jackson and the Siemens Defendants, which is a matter of public record, speaks for itself.  Otherwise, denied.

275.    Insufficient knowledge or information; therefore, denied.

**IV.    To the extent that a response is required, denied.**

   **A.  To the extent that a response is required, denied.**

276.    Denied.

277.    The NEIC Civil Investigation Report speaks for itself.  Otherwise, denied.

278.    The NEIC Civil Investigation Report speaks for itself.  Otherwise, denied.

279.    The Emergency Administrative Order speaks for itself.  Otherwise, denied.

280.    The Emergency Administrative Order speaks for itself.  Otherwise, denied.

281.    The Cover Letter speaks for itself.  Otherwise, denied.

282.    The Emergency Administrative Order speaks for itself.  Otherwise, denied.

283.    The Emergency Administrative Order speaks for itself.  Otherwise, denied.

284.    The Emergency Administrative Order speaks for itself.  Otherwise, denied.

285.    The Emergency Administrative Order speaks for itself.  Otherwise, denied.

286.    The Emergency Administrative Order speaks for itself.  Otherwise, denied.

287.    Denied.

288.    Denied.

289.    Denied.

290.    Denied.

**B.  To the extent that a response is required, denied.**

291.    Denied.

292.    Admitted.

293.    Denied.

294.    Denied.

295.    Denied.

296.    The quote from the Notice of Compliance is in the Notice.  Otherwise, denied.

297.    The EPA's director of Enforcement and Compliance Assurance Division made the quoted statement.  Otherwise, denied.

298.    Denied.

299.    Denied.

300.    Denied.

301.    Denied.

302.    Denied.

303.    Denied.

**V.    To the extent that a response is required, denied.**

      **A.  To the extent a response is required, denied.**

304.    Insufficient knowledge or information; therefore, denied.

305.    Insufficient knowledge or information; therefore, denied.

306.    Insufficient knowledge or information; therefore, denied.

307.    Insufficient knowledge or information; therefore, denied.

308.    Insufficient knowledge or information; therefore, denied.

309.    Insufficient knowledge or information; therefore, denied.

310.    Insufficient knowledge or information; therefore, denied.

311.    Insufficient knowledge or information; therefore, denied.

312.    Denied.

313.    Insufficient knowledge or information; therefore, denied.

314.    Denied.

315.    Insufficient knowledge or information; therefore, denied.

316.    Denied.

317.    No response is required, because it is left blank.

**B.  To the extent a response is required, denied.**

318.    Insufficient knowledge or information; therefore, denied.

319.    Denied.

320.    Insufficient knowledge or information; therefore, denied.

321.    Insufficient knowledge or information; therefore, denied.

322.    Insufficient knowledge or information; therefore, denied.

323.    Insufficient knowledge or information; therefore, denied.

324.    Insufficient knowledge or information; therefore, denied.

325.    Denied.

326.    Insufficient knowledge or information; therefore, denied.

327.    Denied.

328.    Denied.

329.    Denied.

330.    Denied.

**C.  To the extent a response is required, denied.**

331.    Insufficient knowledge or information; otherwise, denied.

332.    Insufficient knowledge or information; otherwise, denied.

333.    Insufficient knowledge or information; otherwise, denied.

334.    Insufficient knowledge or information; otherwise, denied.

335.    Insufficient knowledge or information; otherwise, denied.

336.    Insufficient knowledge or information; otherwise, denied.

337.    Insufficient knowledge or information; otherwise, denied.

338.    Insufficient knowledge or information; otherwise, denied.

339.    Insufficient knowledge or information; otherwise, denied.

340.    Denied.

341.    Insufficient knowledge or information; otherwise, denied.

342.    Denied.

343.    Insufficient knowledge or information; otherwise, denied.

344.    Denied.

**D.  To the extent a response is required, denied.**

345.    Insufficient knowledge or information; otherwise, denied.

346.    Insufficient knowledge or information; otherwise, denied.

347.    Insufficient knowledge or information; otherwise, denied.

348.    Insufficient knowledge or information; otherwise, denied.

349.    Insufficient knowledge or information; otherwise, denied.

350.    Insufficient knowledge or information; otherwise, denied.

351.    Insufficient knowledge or information; otherwise, denied.

352.    Insufficient knowledge or information; otherwise, denied.

353.    Denied.

354.    Insufficient knowledge or information; otherwise, denied.

355.    Denied.

356.    Insufficient knowledge or information; otherwise, denied.

357.    Denied.

## CLASS ALLEGATIONS

**A.  To the extent a response is required, denied.**

358.    Denied.

**To the extent a response is required, denied.**

359.    Insufficient knowledge or information; otherwise, denied.

360.    Insufficient knowledge or information; otherwise, denied.

361.    Denied.

362.    Denied.

363.    Denied.

**B.      To the extent a response is required, denied.**

364.    Denied.

365.    Denied.

366.    Denied.

367.    Denied.

368.    Denied.

369.    Denied.

370.    Denied.

## CLAIMS FOR RELIEF

### COUNT I

371.    Defendants incorporate by reference all preceding allegations set forth above as if fully stated herein.

372.    Denied.

373.    Denied.

374.    Denied.

375.    Denied.

376.    Denied.

377.    Denied.

378.    Denied.

379.    Denied.

### COUNT II

380.    Defendants incorporate by reference all preceding allegations set forth above as if fully stated herein.

381.    Denied.

382.    Denied.

383.    Denied.

384.    Denied.

385.    Denied.

386.    Denied.

387.    Denied.

388.    Denied.

389.    Denied.

390.    Denied.

## **COUNT III**

391.    Insufficient knowledge or information; otherwise, denied.

392.    Insufficient knowledge or information; otherwise, denied.

393.    Insufficient knowledge or information; otherwise, denied.

394.    Insufficient knowledge or information; otherwise, denied.

395.    Insufficient knowledge or information; otherwise, denied.

396.    Insufficient knowledge or information; otherwise, denied.

397.    Insufficient knowledge or information; otherwise, denied.

398.    Insufficient knowledge or information; otherwise, denied.

399.    Insufficient knowledge or information; otherwise, denied.

400.    Insufficient knowledge or information; otherwise, denied.

## **COUNT IV**

401.    Defendants incorporate by reference all preceding allegations set forth above as if fully stated herein.

402.    Insufficient knowledge or information; otherwise, denied.

403.    Insufficient knowledge or information; otherwise, denied.

404.    Insufficient knowledge or information; otherwise, denied.

405.    Insufficient knowledge or information; otherwise, denied.

406.    Insufficient knowledge or information; otherwise, denied.

407.    Insufficient knowledge or information; otherwise, denied.

408.    Insufficient knowledge or information; otherwise, denied.

409.    Insufficient knowledge or information; otherwise, denied.

**COUNT V**

410.    Defendants incorporate by reference all allegations set forth above as if fully stated herein.

411.    Insufficient knowledge or information; otherwise, denied.

412.    Insufficient knowledge or information; otherwise, denied.

413.    Insufficient knowledge or information; otherwise, denied.

414.    Insufficient knowledge or information; otherwise, denied.

415.    Insufficient knowledge or information; otherwise, denied.

416.    Insufficient knowledge or information; otherwise, denied.

417.    Insufficient knowledge or information; otherwise, denied.

418.    Insufficient knowledge or information; otherwise, denied.

419.    Insufficient knowledge or information; otherwise, denied.

420.    Denied.

421.    Insufficient knowledge or information; otherwise, denied.

422.    Insufficient knowledge or information; otherwise, denied.

**COUNT VI**

423.    Defendants incorporate by reference all allegations set forth above as if fully stated herein.

424.    Insufficient knowledge or information; otherwise, denied.

425.    Insufficient knowledge or information; otherwise, denied.

426.    Denied.

427.    Insufficient knowledge or information; otherwise, denied.

428.    Insufficient knowledge or information; otherwise, denied.

429.    Insufficient knowledge or information; otherwise, denied.

430.    Insufficient knowledge or information; otherwise, denied.

431.    Insufficient knowledge or information; otherwise, denied.

432.    Denied.

433.    Insufficient knowledge or information; otherwise, denied.

434.    Insufficient knowledge or information; otherwise, denied.

## DEMAND FOR JURY TRIAL

435.    Denied.

## RELIEF REQUESTED

436.    Denied, specifically denying Plaintiffs are entitled to any relief from Defendants.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to the purported causes of action in the Complaint, without conceding that they bear the burden of proof or persuasion as to any one of them, as follows:

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted, and their claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## SECOND DEFENSE

Mayor Lumumba is entitled to qualified immunity to suit for Plaintiffs' § 1983 claims.

## THIRD DEFENSE

Yarber is entitled to qualified immunity to suit for Plaintiffs' § 1983 claims.

## FOURTH DEFENSE

Powell is entitled to qualified immunity to suit for Plaintiffs' § 1983 claims.

## FIFTH DEFENSE

Miller is entitled to qualified immunity to suit for Plaintiffs' § 1983 claims.

## SIXTH DEFENSE

Smash is entitled to qualified immunity to suit for Plaintiffs' § 1983 claims.

## SEVENTH DEFENSE

The acts Plaintiffs allege occurred did not violate Plaintiffs' clearly established constitutional rights of which a reasonable person would have known.

## EIGHTH DEFENSE

That at all times pertinent herein, Defendants and/or their officials, employees, and/or agents were and are presently duly qualified and herein engaged in the performance of their regularly assigned duties, and further, these individual officials, employees, and/or agents at all times herein acted in good-faith and without malice.

## NINTH DEFENSE

Defendants assert that they and their officials, employees, and/or agents acted in good faith and neither directly nor indirectly performed any acts whatsoever which would constitute a violation of any laws or regulations or a violation of any right or any duty owed to Plaintiffs.

## TENTH DEFENSE

All actions taken by Defendants and/or their officials, employees, and/or agents during the incident complained of were within the scope of their employment and jurisdiction in the good-faith belief that their actions were reasonable, proper, and lawful.

**ELEVENTH DEFENSE**

Defendants and their officials, employees, and/or agents were performing their duties in a reasonable manner consistent with the exigent circumstances that emerged or existed at the time. In all manners, the actions of said Defendants and/or their officials, employees and/or agents were reasonable and proper based upon the exigent circumstances that existed at the time.

**TWELFTH DEFENSE**

Plaintiffs fail to state a claim against the City of Jackson under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), for violation of Plaintiffs' constitutional rights pursuant to § 1983.

**THIRTEENTH DEFENSE**

No official policy, practice, or custom has been promulgated, existed and/or served to deprive Plaintiffs of their constitutional rights.

**FOURTEENTH DEFENSE**

Plaintiffs' demand for punitive and exemplary damages from the City of Jackson fails as a matter of law under § 1983. *City of Newport v. Fact Concerts*, 453 U.S. 247 (1981).

**FIFTEENTH DEFENSE**

An award of punitive damages would violate Defendants' rights under the United States Constitution, including their rights to (1) procedural due process under the Fourteenth Amendment to the United States Constitution, (2) protection from "excessive fines as provided in the Eighth Amendment to the United States Constitution, and (3) substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

**SIXTEENTH DEFENSE**

Plaintiffs have failed to aver facts sufficient to support an award of punitive damages.

**SEVENTEENTH DEFENSE**

Some, or all, of the Plaintiffs' claims are barred by the applicable statute of limitations.

## EIGHTEENTH DEFENSE

Under Fifth Circuit precedent and 42 U.S.C. § 1988, state law governs apportionment of fault for liability under 42 U.S.C. § 1983. Mississippi law requires that fault be apportioned between joint tortfeasors, including those immune from suit or not named as defendants, absent a conscious and deliberate pursuit of a common plan to commit a tortious act. MISS. CODE § 85-5-7. To the extent any Defendant is at fault, which is denied, fault should be allocated to each Defendant in direct proportion to his or her percentage of fault, taking into account the percentage of fault borne by other parties, including, but not limited to, the owners of Plaintiffs' homes and underlying water service lines.

## NINETEENTH DEFENSE

To the extent any Plaintiffs received specific notice from the City regarding the potential risks of lead contamination and assumed the risk by ingesting the water anyway, and to the extent Plaintiffs are responsible for lead exposure from sources other than the public water supply, those Plaintiffs' damages, if any, should be diminished in proportion to the amount of negligence attributable to the person injured under Mississippi Code § 11-7-15.

## TWENTIETH DEFENSE

Plaintiffs' damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which Defendants are not legally responsible.

## TWENTY-FIRST DEFENSE

Plaintiffs are estopped from recovery against Defendants because any damages were caused solely by their own acts, omissions, or failure to act appropriately under the circumstances.

**TWENTY-SECOND DEFENSE**

Plaintiffs may live in homes with lead paint and/or lead blinds, or may have been exposed to lead through sources other than the City's public water supply, which may be a superseding or intervening cause of any injuries Plaintiffs claim.

**TWENTY-THIRD DEFENSE**

Class certification under the circumstances set forth in the Complaint would violate Defendants' rights under the United States Constitution.

**TWENTY-FOURTH DEFENSE**

The type of claims Plaintiffs allege on their own behalf and on behalf of other similarly situated employees, the existence of who Defendants expressly deny, are claims in which individual questions predominate and for which class treatment is not appropriate.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims fail to meet the mandatory requirements of Federal Rules of Civil Procedure 23(a) or 23(b).

**TWENTY-SIXTH DEFENSE**

Class certification should be denied, because it is not impractical for individual plaintiffs to obtain redress.

**TWENTY-SEVENTH DEFENSE**

A class action is not the appropriate or superior method for the fair and efficient adjudication of the controversy underlying the named Plaintiffs' claims.

**TWENTY-EIGHTH DEFENSE**

Class certification should be denied, because the named Plaintiffs' claims, if meritorious, are not typical of the putative class(es).

**TWENTY-NINTH DEFENSE**

Class certification should be denied, because the named Plaintiffs' claims will not adequately protect the interests of the putative class(es).

## THIRTIETH DEFENSE

Some or all Plaintiffs may have failed to mitigate their damages. Their damages are barred, in whole or in part, by a failure to mitigate damages.

## THIRTY-FIRST DEFENSE

One or more superseding and/or intervening causes—such as a preexisting medical condition or conditions—preclude any finding of liability for damages on the part of these Defendants.

## THIRTY-SECOND DEFENSE

The measure of Plaintiffs' damages, if any, are based upon guesswork, speculation, and conjecture.

## THIRTY-THIRD DEFENSE

Defendants have not breached any duty owed to Plaintiffs.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims under Section 1983 are preempted by the Safe Drinking Water Act.

## THIRTY-FIFTH DEFENSE

Defendants reserve the right to amend this Answer and Affirmative Defenses to assert any additional defenses identified in the course of their investigation, discovery, or preparation for trial, as such defenses become known and/or it otherwise becomes appropriate to assert such affirmative defenses.

RESPECTFULLY SUBMITTED, this the 12th day of December, 2022.

*/s/ Clarence Webster, III*
CLARENCE WEBSTER, III

Clarence Webster, III (MSB #102111)
Kaytie M. Pickett (MSB #103202)
Adam Stone (MSB #10412)

JONES WALKER LLP
190 E. Capitol Street, Suite 800
Jackson, MS 39201
Telephone: (601) 949-4900
Facsimile: (601) 949-4804
cwebster@joneswalker.com
kpickett@joneswalker.com
astone@joneswalker.com

*Counsel for the City of Jackson*

/s/ Terris C. Harris
TERRIS C. HARRIS

Terris C. Harris (MSB #99433)
THE COCHRAN FIRM-JACKSON, LLC
197 Charmant Place, Suite 2
Ridgeland, MS 39157
Telephone: (601) 790-7600
tharris@cochranfirm.com
*Counsel for Tony Yarber, Kishia Powell*
*and Jerriot Smash*

/s/ John F. Hawkins
JOHN F. HAWKINS

John F. Hawkins (MSB #9556)
HAWKINS LAW, P.C.
226 North President Street (39201)
Post Office Box 24627
Jackson, MS 39225-4627
Telephone: (601) 969-9692
Facsimile: (601) 914-3580
john@hgattorneys.com
*Counsel for Mayor Chokwe A.*
*Lumumba and Robert Miller*

#100783140v6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 12, 2022, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which served a copy of the foregoing on all counsel of record.

*/s/ Clarence Webster, III*
CLARENCE WEBSTER, III

#100783140v6