## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

Priscilla Sterling, Raine Becker, Shawn Miller, and John Bennett, individually and on behalf of all others similarly situated,

       Plaintiffs,

v.

The City of Jackson, Mississippi; Chowke A. Lumumba; Tony Yarber; Kishia Powell; Robert Miller; Jerriott Smash; Siemens Corporation; Siemens Industry, Inc.; and Trilogy Engineering Services, LLC,

       Defendants.

Case No.: 3:22-cv-531-KHJ-MTP

_____

### DEFENDANT, TRILOGY ENGINEERING SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND MONEY DAMAGES WITH JURY TRIAL DEMAND
_____

Defendant, Trilogy Engineering Services, LLC ('Trilogy"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint for Injunctive Relief and Money Damages with Jury Trial Demand (the "Complaint") as follows:

### INTRODUCTORY STATEMENT

1.    This paragraph sets forth legal conclusions and questions of law to which no response is required.

2.    Without sufficient knowledge or information, and therefore denied.

3.    Denied.

4.    Plaintiffs asserted claims for professional negligence and simple negligence against Trilogy.  Otherwise, denied.

## JURISDICTION

5.      Plaintiffs initiated this civil action, invoking 42 U.S.C. § 1983.  Otherwise, denied.

6.      Denied.

7.      Denied.

8.      Without sufficient knowledge or information, and therefore denied.

9.      Without sufficient knowledge or information, and therefore denied.

10.     Without sufficient knowledge or information, and therefore denied.

11.     Without sufficient knowledge or information, and therefore denied.

12.     Without sufficient knowledge or information, and therefore denied.

13.     Without sufficient knowledge or information, and therefore denied.

14.     Without sufficient knowledge or information, and therefore denied.

15.     Trilogy maintains an office in Jackson, Mississippi, and is subject to the personal jurisdiction of the Southern District of Mississippi.  Otherwise, denied.

16.     Without sufficient knowledge or information, and therefore denied.

17.     Trilogy does not contest venue.  Otherwise, denied.

## PARTIES

18.     Without sufficient knowledge or information, and therefore denied.

19.     Denied.

20.     Denied.

21.     Except to admit that Jackson is a Mississippi municipality and the capital of Mississippi, without sufficient knowledge or information, and therefore denied.

22.     Without sufficient knowledge or information, and therefore denied.

23.    Without sufficient knowledge or information, and therefore denied.

24.    Without sufficient knowledge or information, and therefore denied.

25.    Without sufficient knowledge or information, and therefore denied.

26.    Without sufficient knowledge or information, and therefore denied.

27.    Without sufficient knowledge or information, and therefore denied.

28.    Without sufficient knowledge or information, and therefore denied.

29.    Without sufficient knowledge or information, and therefore denied.

30.    Trilogy is a Texas LLC registered as a foreign LLC in Mississippi.

31.    Admitted.

32.    Trilogy has experience in design, managing, and overseeing construction of drinking water and wastewater (reuse water) projects, and provides drinking water design services, including water treatment plans operations, distribution waterline, and lead and copper corrosion control studies.  Otherwise, denied.

33.    Without sufficient knowledge or information, and therefore denied.

34.    Without sufficient knowledge or information, and therefore denied.

35.    Without sufficient knowledge or information, and therefore denied.

## STATEMENT OF FACTS

**I.    To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

36.    Without sufficient knowledge or information, and therefore denied.

37.    Without sufficient knowledge or information, and therefore denied.

38.    Without sufficient knowledge or information, and therefore denied.

39.     Upon information and belief, the City of Jackson water distribution system consists of two treatment plants, the O.B. Curtis and the J.H. Fewell.  Otherwise, without sufficient knowledge or information, and therefore denied.

40.     Without sufficient knowledge or information, and therefore denied.

41.     Without sufficient knowledge or information, and therefore denied.

42.     Without sufficient knowledge or information, and therefore denied.

43.     Without sufficient knowledge or information, and therefore denied.

44.     Without sufficient knowledge or information, and therefore denied.

45.     Without sufficient knowledge or information, and therefore denied.

46.     Without sufficient knowledge or information, and therefore denied.

**II.     To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

**A.     To the extent a response is required, denied.**

47.     Without sufficient knowledge or information, and therefore denied.

48.     Without sufficient knowledge or information, and therefore denied.

49.     Without sufficient knowledge or information, and therefore denied.

50.     Without sufficient knowledge or information, and therefore denied.

51.     Without sufficient knowledge or information, and therefore denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Without sufficient knowledge or information, and therefore denied.

58.    Denied.

59.    Denied.

60.    Without sufficient knowledge or information, and therefore denied.

61.    Without sufficient knowledge or information, and therefore denied.

62.    Without sufficient knowledge or information, and therefore denied.

63.    Without sufficient knowledge or information, and therefore denied.

64.    Without sufficient knowledge or information, and therefore denied.

65.    Without sufficient knowledge or information, and therefore denied.

66.    Without sufficient knowledge or information, and therefore denied.

67.    Without sufficient knowledge or information, and therefore denied.

68.    Without sufficient knowledge or information, and therefore denied.

69.    Without sufficient knowledge or information, and therefore denied.

70.    Without sufficient knowledge or information, and therefore denied.

71.    Without sufficient knowledge or information, and therefore denied.

72.    Lime may be used as a part of corrosion control.  Otherwise, denied.

73.    Without sufficient knowledge or information, and therefore denied.

74.    Without sufficient knowledge or information, and therefore denied.

75.    Without sufficient knowledge or information, and therefore denied.

76.    Without sufficient knowledge or information, and therefore denied.

**B.      To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

77.    Without sufficient knowledge or information, and therefore denied.

78.    Without sufficient knowledge or information, and therefore denied.

79.    Without sufficient knowledge or information, and therefore denied.

80.     Without sufficient knowledge or information, and therefore denied.

81.     Without sufficient knowledge or information, and therefore denied.

82.     Without sufficient knowledge or information, and therefore denied.

83.     Without sufficient knowledge or information, and therefore denied.

**C.      To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

84.     Without sufficient knowledge or information, and therefore denied.

85.     Without sufficient knowledge or information, and therefore denied.

86.     Without sufficient knowledge or information, and therefore denied.

87.     Without sufficient knowledge or information, and therefore denied.

88.     Without sufficient knowledge or information, and therefore denied.

89.     Without sufficient knowledge or information, and therefore denied.

90.     Without sufficient knowledge or information, and therefore denied.

91.     Without sufficient knowledge or information, and therefore denied.

92.     Without sufficient knowledge or information, and therefore denied.

93.     Without sufficient knowledge or information, and therefore denied.

94.     Without sufficient knowledge or information, and therefore denied.

95.     Without sufficient knowledge or information, and therefore denied.

96.     Without sufficient knowledge or information, and therefore denied.

97.     Without sufficient knowledge or information, and therefore denied.

98.     Without sufficient knowledge or information, and therefore denied.

99.     Without sufficient knowledge or information, and therefore denied.

100.    Without sufficient knowledge or information, and therefore denied.

101.    Without sufficient knowledge or information, and therefore denied.

102.    Without sufficient knowledge or information, and therefore denied.

103.    Without sufficient knowledge or information, and therefore denied.

104.    Without sufficient knowledge or information, and therefore denied.

105.    Without sufficient knowledge or information, and therefore denied.

106.    Without sufficient knowledge or information, and therefore denied.

107.    Without sufficient knowledge or information, and therefore denied.

108.    Without sufficient knowledge or information, and therefore denied.

109.    Without sufficient knowledge or information, and therefore denied.

110.    Without sufficient knowledge or information, and therefore denied.

111.    Without sufficient knowledge or information, and therefore denied.

112.    Without sufficient knowledge or information, and therefore denied.

113.    Without sufficient knowledge or information, and therefore denied.

114.    Without sufficient knowledge or information, and therefore denied.

115.    Without sufficient knowledge or information, and therefore denied.

116.    Without sufficient knowledge or information, and therefore denied.

117.    Without sufficient knowledge or information, and therefore denied.

118.    Without sufficient knowledge or information, and therefore denied.

119.    Without sufficient knowledge or information, and therefore denied.

120.    Without sufficient knowledge or information, and therefore denied.

121.    Without sufficient knowledge or information, and therefore denied.

**D.    To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

122.    Without sufficient knowledge or information, and therefore denied.

123.    Without sufficient knowledge or information, and therefore denied.

124.    Without sufficient knowledge or information, and therefore denied.

125.    Without sufficient knowledge or information, and therefore denied.

126.    Without sufficient knowledge or information, and therefore denied.

127.    Without sufficient knowledge or information, and therefore denied.

128.    Without sufficient knowledge or information, and therefore denied.

129.    Without sufficient knowledge or information, and therefore denied.

130.    Without sufficient knowledge or information, and therefore denied.

131.    Without sufficient knowledge or information, and therefore denied.

132.    Without sufficient knowledge or information, and therefore denied.

133.    Without sufficient knowledge or information, and therefore denied.

134.    Without sufficient knowledge or information, and therefore denied.

135.    Without sufficient knowledge or information, and therefore denied.

136.    Without sufficient knowledge or information, and therefore denied.

137.    Without sufficient knowledge or information, and therefore denied.

138.    Without sufficient knowledge or information, and therefore denied.

139.    Without sufficient knowledge or information, and therefore denied.

140.    Without sufficient knowledge or information, and therefore denied.

141.    Without sufficient knowledge or information, and therefore denied.

142.    Without sufficient knowledge or information, and therefore denied.

**E.    To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

143.    Upon information and belief, water testing was performed in June 2015.  Otherwise, without sufficient knowledge or information, and therefore denied.

144.    Without sufficient knowledge or information, and therefore denied.

145.   Without sufficient knowledge or information, and therefore denied.

146.   Without sufficient knowledge or information, and therefore denied.

147.   Without sufficient knowledge or information, and therefore denied.

148.   Without sufficient knowledge or information, and therefore denied.

149.   Without sufficient knowledge or information, and therefore denied.

150.   Without sufficient knowledge or information, and therefore denied.

**F.      To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

151.   Without sufficient knowledge or information, and therefore denied.

152.   Without sufficient knowledge or information, and therefore denied.

153.   Without sufficient knowledge or information, and therefore denied.

154.   Without sufficient knowledge or information, and therefore denied.

155.   Without sufficient knowledge or information, and therefore denied.

156.   Without sufficient knowledge or information, and therefore denied.

157.   Without sufficient knowledge or information, and therefore denied.

158.   Without sufficient knowledge or information, and therefore denied.

159.   Without sufficient knowledge or information, and therefore denied.

160.   Without sufficient knowledge or information, and therefore denied.

161.   Without sufficient knowledge or information, and therefore denied.

162.   Without sufficient knowledge or information, and therefore denied.

163.   Without sufficient knowledge or information, and therefore denied.

164.   Without sufficient knowledge or information, and therefore denied.

165.   Without sufficient knowledge or information, and therefore denied.

166.   Without sufficient knowledge or information, and therefore denied.

167. Without sufficient knowledge or information, and therefore denied.

168. Without sufficient knowledge or information, and therefore denied.

169. Without sufficient knowledge or information, and therefore denied.

170. Without sufficient knowledge or information, and therefore denied.

171. Without sufficient knowledge or information, and therefore denied.

172. Without sufficient knowledge or information, and therefore denied.

173. Without sufficient knowledge or information, and therefore denied.

174. Without sufficient knowledge or information, and therefore denied.

175. Without sufficient knowledge or information, and therefore denied.

**G.    To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

176. Without sufficient knowledge or information, and therefore denied.

177. Without sufficient knowledge or information, and therefore denied.

178. Without sufficient knowledge or information, and therefore denied.

179. Without sufficient knowledge or information, and therefore denied.

180. Without sufficient knowledge or information, and therefore denied.

181. Without sufficient knowledge or information, and therefore denied.

182. Without sufficient knowledge or information, and therefore denied.

183. Without sufficient knowledge or information, and therefore denied.

184. Without sufficient knowledge or information, and therefore denied.

185. Without sufficient knowledge or information, and therefore denied.

186. Without sufficient knowledge or information, and therefore denied.

187. Without sufficient knowledge or information, and therefore denied.

188. Without sufficient knowledge or information, and therefore denied.

189.    Without sufficient knowledge or information, and therefore denied.

190.    Without sufficient knowledge or information, and therefore denied.

**H.      To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

191.    Without sufficient knowledge or information, and therefore denied.

192.    Without sufficient knowledge or information, and therefore denied.

193.    Without sufficient knowledge or information, and therefore denied.

194.    Without sufficient knowledge or information, and therefore denied.

195.    Without sufficient knowledge or information, and therefore denied.

196.    Without sufficient knowledge or information, and therefore denied.

**I.       To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

   **1.      To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

197.    Without sufficient knowledge or information, and therefore denied.

198.    Without sufficient knowledge or information, and therefore denied.

   **2.      To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

199.    Without sufficient knowledge or information, and therefore denied.

200.    Without sufficient knowledge or information, and therefore denied.

201.    Without sufficient knowledge or information, and therefore denied.

202.    Without sufficient knowledge or information, and therefore denied.

   **3.      Admitted to the extent that Trilogy was retained by the City of Jackson, otherwise denied.**

203.    Without sufficient knowledge or information, and therefore denied.

204.    Without sufficient knowledge or information, and therefore denied.

205.    Admitted that Trilogy was retained by the City of Jackson to conduct a corrosion control study.  Otherwise, denied.

206.    Denied as phrased.

207.    Admitted.

208.    Trilogy's Motion to Strike Paragraph 208 from Plaintiffs' Class Action Complaint is filed in conjunction with this Answer and Affirmative Defenses and is pending with the Court. Nonetheless, to the extent a response is required, denied.

209.    Denied as phrased.

210.    Trilogy was retained to conduct, among other things, a corrosion control study. Otherwise, denied.

211.    Denied as phrased.

212.    Without sufficient knowledge or information, and therefore denied.

213.    Without sufficient knowledge or information, and therefore denied.

214.    Denied.

215.    Denied.

216.    Denied as phrased.

217.    The use of soda ash was one of Trilogy's recommendations to the City of Jackson. Otherwise, denied.

218.    Denied as phrased.

219.    Denied.

220.    Without sufficient knowledge or information, and therefore denied.

221.    Without sufficient knowledge or information, and therefore denied.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Denied.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied as phrased.

230.    Denied.

231.    Without sufficient knowledge or information, and therefore denied.

**J.    To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

232.    Denied.

233.    Denied as to the first sentence.    Otherwise, without sufficient knowledge or information, and therefore denied.

234.    Without sufficient knowledge or information, and therefore denied.

235.    Without sufficient knowledge or information, and therefore denied.

236.    Without sufficient knowledge or information, and therefore denied.

237.    Without sufficient knowledge or information, and therefore denied.

238.    Without sufficient knowledge or information, and therefore denied.

239.    Without sufficient knowledge or information, and therefore denied.

240.    Without sufficient knowledge or information, and therefore denied.

241.    Denied.

242.    Denied.

243.    Without sufficient knowledge or information, and therefore denied.

244.    Denied.

245.    Without sufficient knowledge or information, and therefore denied.

246.    Denied.

247.    Without sufficient knowledge or information, and therefore denied.

248.    Denied.

**III.    To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

    **A.    To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

249.    Without sufficient knowledge or information, and therefore denied.

250.    Without sufficient knowledge or information, and therefore denied.

251.    Without sufficient knowledge or information, and therefore denied.

252.    Without sufficient knowledge or information, and therefore denied.

253.    Without sufficient knowledge or information, and therefore denied.

254.    Without sufficient knowledge or information, and therefore denied.

255.    Without sufficient knowledge or information, and therefore denied.

256.    Without sufficient knowledge or information, and therefore denied.

257.    Without sufficient knowledge or information, and therefore denied.

258.    Without sufficient knowledge or information, and therefore denied.

259.    Without sufficient knowledge or information, and therefore denied.

260.    Without sufficient knowledge or information, and therefore denied.

261.    Without sufficient knowledge or information, and therefore denied.

262.    Without sufficient knowledge or information, and therefore denied.

263.    Without sufficient knowledge or information, and therefore denied.

**B.**   **To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

264.   Without sufficient knowledge or information, and therefore denied.

265.   Without sufficient knowledge or information, and therefore denied.

266.   Without sufficient knowledge or information, and therefore denied.

267.   Without sufficient knowledge or information, and therefore denied.

268.   Without sufficient knowledge or information, and therefore denied.

269.   Without sufficient knowledge or information, and therefore denied.

270.   Without sufficient knowledge or information, and therefore denied.

271.   Without sufficient knowledge or information, and therefore denied.

272.   Without sufficient knowledge or information, and therefore denied.

273.   Without sufficient knowledge or information, and therefore denied.

274.   Without sufficient knowledge or information, and therefore denied.

275.   Without sufficient knowledge or information, and therefore denied.

**IV.   To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

**A.**   **To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

276.   Without sufficient knowledge or information, and therefore denied.

277.   Without sufficient knowledge or information, and therefore denied.

278.   Without sufficient knowledge or information, and therefore denied.

279.   Without sufficient knowledge or information, and therefore denied.

280.   Without sufficient knowledge or information, and therefore denied.

281.   Without sufficient knowledge or information, and therefore denied.

282.   Without sufficient knowledge or information, and therefore denied.

283.    Without sufficient knowledge or information, and therefore denied.

284.    Without sufficient knowledge or information, and therefore denied.

285.    Without sufficient knowledge or information, and therefore denied.

286.    Without sufficient knowledge or information, and therefore denied.

287.    Without sufficient knowledge or information, and therefore denied.

288.    Without sufficient knowledge or information, and therefore denied.

289.    Without sufficient knowledge or information, and therefore denied.

290.    Without sufficient knowledge or information, and therefore denied.

**B.      To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

291.    Denied as to Trilogy, otherwise without sufficient knowledge or information, and therefore denied.

292.    Without sufficient knowledge or information, and therefore denied.

293.    Without sufficient knowledge or information, and therefore denied.

294.    Without sufficient knowledge or information, and therefore denied.

295.    Without sufficient knowledge or information, and therefore denied.

296.    Without sufficient knowledge or information, and therefore denied.

297.    Without sufficient knowledge or information, and therefore denied.

298.    Without sufficient knowledge or information, and therefore denied.

299.    Without sufficient knowledge or information, and therefore denied.

300.    Without sufficient knowledge or information, and therefore denied.

301.    Without sufficient knowledge or information, and therefore denied.

302.    Without sufficient knowledge or information, and therefore denied.

303.    Without sufficient knowledge or information, and therefore denied.

**V.     To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

   **A.     To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

   304.    Without sufficient knowledge or information, and therefore denied.

   305.    Without sufficient knowledge or information, and therefore denied.

   306.    Without sufficient knowledge or information, and therefore denied.

   307.    Without sufficient knowledge or information, and therefore denied.

   307.    Without sufficient knowledge or information, and therefore denied.

   308.    Without sufficient knowledge or information, and therefore denied.

   309.    Without sufficient knowledge or information, and therefore denied.

   310.    Without sufficient knowledge or information, and therefore denied.

   311.    Without sufficient knowledge or information, and therefore denied.

   312.    Without sufficient knowledge or information, and therefore denied.

   313.    Without sufficient knowledge or information, and therefore denied.

   314.    Denied.

   315.    Denied.

   316.    Denied.

   317.    Paragraph 317 contains no allegations.  Nonetheless, to the extent that a response is required, denied.

   **B.     To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

   318.    Without sufficient knowledge or information, and therefore denied.

319. Without sufficient knowledge or information, and therefore denied.

320. Without sufficient knowledge or information, and therefore denied.

321. Without sufficient knowledge or information, and therefore denied.

322. Without sufficient knowledge or information, and therefore denied.

323. Without sufficient knowledge or information, and therefore denied.

324. Without sufficient knowledge or information, and therefore denied.

325. Without sufficient knowledge or information, and therefore denied.

326. Denied.

327. Denied.

328. Without sufficient knowledge or information, and therefore denied.

329. Without sufficient knowledge or information, and therefore denied.

330. Denied.

**C.      To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

331. Without sufficient knowledge or information, and therefore denied.

332. Without sufficient knowledge or information, and therefore denied.

333. Without sufficient knowledge or information, and therefore denied.

334. Without sufficient knowledge or information, and therefore denied.

335. Without sufficient knowledge or information, and therefore denied.

336. Without sufficient knowledge or information, and therefore denied.

337. Without sufficient knowledge or information, and therefore denied.

338. Without sufficient knowledge or information, and therefore denied.

339. Without sufficient knowledge or information, and therefore denied.

340. Without sufficient knowledge or information, and therefore denied.

341.    Without sufficient knowledge or information, and therefore denied.

342.    Denied.

343.    Denied.

344.    Denied.

**D.    To the extent a response is required, without sufficient knowledge or information, and therefore denied.**

345.    Without sufficient knowledge or information, and therefore denied.

346.    Without sufficient knowledge or information, and therefore denied.

347.    Without sufficient knowledge or information, and therefore denied.

348.    Without sufficient knowledge or information, and therefore denied.

349.    Without sufficient knowledge or information, and therefore denied.

350.    Without sufficient knowledge or information, and therefore denied.

351.    Without sufficient knowledge or information, and therefore denied.

352.    Without sufficient knowledge or information, and therefore denied.

353.    Without sufficient knowledge or information, and therefore denied.

354.    Without sufficient knowledge or information, and therefore denied.

355.    Denied.

356.    Denied.

357.    Denied.

## CLASS ALLEGATIONS

**A.    To the extent a response is required, denied.**

358.    Trilogy denies that Paragraph 358 defines any class consistent with Fed. R. Civ. P.

23, denies any such class exists, denies the named plaintiffs would adequately represent any such

class if it did exist, and denies certification of any class under Rule 23 would be proper in this action.

359.     Trilogy denies that Paragraph 359 defines any class consistent with Fed. R. Civ. P. 23, denies any such class exists, denies the named plaintiffs would adequately represent any such class if it did exist, and denies certification of any class under Rule 23 would be proper in this action.

360.     Trilogy denies that Paragraph 360 defines any class consistent with Fed. R. Civ. P. 23, denies any such class exists, denies the named plaintiffs would adequately represent any such class if it did exist, and denies certification of any class under Rule 23 would be proper in this action.

361.     Trilogy denies that Paragraph 361 defines any class consistent with Fed. R. Civ. P. 23, denies any such class exists, denies the named plaintiffs would adequately represent any such class if it did exist, and denies certification of any class under Rule 23 would be proper in this action.  Nonetheless, should the Plaintiffs seek leave of Court to amend the Class definition, including proposing subclasses of Plaintiffs, Trilogy expressly reserves the right to respond to the revised class definition.

**B.     To the extent a response is required, denied.**

362.     Plaintiffs initiated this action under Fed. R. Civ. P. 23.  Otherwise, denied.

363.     Trilogy is without sufficient knowledge or information to respond to the first sentence of Paragraph 363.  Otherwise, denied.

364.     Denied.

365.     Denied.

366.    Denied as to the first sentence.    Otherwise, without sufficient knowledge or information, and therefore denied.

367.    Denied.

368.    Denied.

369.    Denied.

370.    Denied.

## CLAIMS FOR RELIEF

### COUNT I

371.    Trilogy denies there is a Class.  Trilogy reasserts and incorporates by reference its responses to Paragraphs 1-370 as if fully set forth herein.

372-379.        Count I of the Plaintiffs' Class Action Complaint does not relate to Trilogy, and therefore no response is provided.  However, to the extent that any allegations in Count I may require a response from Trilogy, those allegations are specifically denied.

### COUNT II

380.    Trilogy denies there is a Class.  Trilogy reasserts and incorporates by reference its responses to Paragraphs 1-370 as if fully set forth herein.

381-390. Count II of the Plaintiffs' Class Action Complaint does not relate to Trilogy, and therefore no response is provided.  However, to the extent that any allegations in Count II may require a response from Trilogy, those allegations are specifically denied.

### COUNT III

391.    Trilogy denies there is a Class.  Trilogy reasserts and incorporates by reference its responses to Paragraphs 1-370 as if fully set forth herein.

392-400. Count III of the Plaintiffs' Class Action Complaint does not relate to Trilogy, and therefore no response is provided. However, to the extent that any allegations in Count III may require a response from Trilogy, those allegations are specifically denied.

**COUNT IV**

401.    Trilogy denies there is a Class. Trilogy reasserts and incorporates by reference its responses to Paragraphs 1-370 as if fully set forth herein.

402-409. Count IV of the Plaintiffs' Class Action Complaint does not relate to Trilogy, and therefore no response is provided. However, to the extent that any allegations in Count IV may require a response from Trilogy, those allegations are specifically denied.

**COUNT V**

410.    Trilogy denies there is a Class. Trilogy reasserts and incorporates by reference its responses to Paragraphs 1-370 as if fully set forth herein.

411.    Admitted that Trilogy was retained by the City of Jackson. Otherwise, denied.

412.    Denied.

413.    Denied.

414.    Denied.

415.    Denied.

416.    Denied.

417.    Denied.

418.    Denied.

419.    Denied.

420.    Denied.

421.    Denied.

422.    Denied.

## COUNT VI

423.    Trilogy denies there is a Class.  Trilogy reasserts and incorporates by reference its responses to Paragraphs 1-370 as if fully set forth herein.

424.    Admitted that Trilogy was retained by the City of Jackson.  Otherwise, denied.

425.    Denied.

426.    Denied.

427.    Denied.

428.    Denied.

429.    Denied.

430.    Denied.

431.    Denied.

432.    Denied.

433.    Denied.

434.    Denied.

## DEMAND FOR JURY TRIAL

435.    Trilogy demands trial by jury in this action of all issues so triable.

## RELIEF REQUESTED

436.    Denied, in toto, specifically denying Plaintiffs are entitled to any relief from Trilogy.

## AFFIRMATIVE DEFENSES

Trilogy asserts the following Affirmative Defenses to the purported causes of action in the Complaint, without conceding that they bear the burden of proof or persuasion as to any one of them, as follows:

## FIRST AFFIRMATIVE DEFENSE

As its First Affirmative Defense, Trilogy states that Plaintiffs fail to state a claim against Trilogy upon which relief can be granted, and their claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

As its Second Affirmative Defense, Trilogy states that the Court lacks subject matter jurisdiction.  Standing is an element of subject matter jurisdiction.  Standing analysis proceeds plaintiff-by-plaintiff and claim by claim. *See, e.g., In re Gee*, 941 F.3d 153, 171 (5th Cir. 2019). Plaintiffs cannot show that each has suffered a concrete injury that is fairly traceable to Trilogy's actions.  Plaintiffs fail to particularize where they lived in Jackson, MS, when, and for how long. These facts are necessary to establish standing.

## THIRD AFFIRMATIVE DEFENSE

As its Third Affirmative Defense, Trilogy states that at all times material to the allegations set forth in Plaintiffs' Complaint, Trilogy exercised ordinary professional skill and diligence in providing its services.

## FOURTH AFFIRMATIVE DEFENSE

As its Fourth Affirmative Defense, Trilogy states that it did not owe any duty to Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

As its Fifth Affirmative Defense, Trilogy states that it is not responsible for Plaintiffs' damages, if any, to the extent they were caused, in whole or in part, by other entities or persons not affiliated with Trilogy.  Mississippi law requires that fault be apportioned among joint tortfeasors, including those immune from suit or not named as defendants, absent a conscious and deliberate pursuit of a common plan to commit a tortious act.  To the extent Trilogy is at fault, which is expressly denied, fault should be allocated to Trilogy in direct proportion to its percentage of fault, taking into account the percentage of fault borne by other parties.  Trilogy is entitled to an apportionment of fault for parties and/or non-parties who contributed, including but not limited to:

1.     Cornerstone Engineering LLC;
2.     Sodimate, Inc.;
3.     RDP Technologies, Inc.;
4.     Mississippi State Department of Health;
5.     Jim Craig.

Trilogy reserves the right to amend its Affirmative Defenses to identify additional non-parties whose acts or omissions proximately caused Plaintiffs' damages, as discovery is ongoing which may reveal new information.

## SIXTH AFFIRMATIVE DEFENSE

As its Sixth Affirmative Defense, Trilogy states that Plaintiffs' alleged injuries and damages, if any, were caused by the intervening acts of third parties severing the chain of causation between the actions and/or inactions complained of by the Plaintiffs and the alleged injuries. Trilogy states that any alleged conduct or omission by Trilogy was not the cause in fact or the legal cause of the alleged damages suffered by the Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

As its Seventh Affirmative Defense, Trilogy states that the actions and/or omissions of any party(ies) to this action were the contributing and/or proximate cause of the damages alleged by the Plaintiffs, and thus Plaintiffs are barred from recovery from Trilogy, or ultimately, any damages complained of must be reduced in accordance with the doctrine of comparative negligence.

## EIGHTH AFFIRMATIVE DEFENSE

As its Eighth Affirmative Defense, Trilogy states that Trilogy is not vicariously liable to Plaintiffs for errors and omissions resulting from the performance of products, work performed by trades on the Project, and/or services provided by other professional consultants licensed in the State of Mississippi who provided services on the Project outside of those included in Trilogy's Agreement.

## NINTH AFFIRMATIVE DEFENSE

As its Ninth Affirmative Defense, Trilogy states that any and all alleged defects and deficiencies alleged in the Complaint were caused by improper means, methods, techniques, sequences, procedures, and the overall performance of other entities who performed work on the Project.

## TENTH AFFIRMATIVE DEFENSE

As its Tenth Affirmative Defense, Trilogy states that at all times it complied with all applicable federal, state, and local rules, laws, regulations, and specifications.

## ELEVENTH AFFIRMATIVE DEFENSE

As its Eleventh Affirmative Defense, Trilogy states that Plaintiffs' claims against Trilogy are barred, in whole or in part, by the learned or sophisticated intermediary doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

As its Twelfth Affirmative Defense, Trilogy states that Plaintiffs' claims against Trilogy fail because Trilogy had no duty to guard against criminal conduct of others that contributed to cause the Plaintiffs' alleged injuries and damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

As its Thirteenth Affirmative Defense, Trilogy states that certain Plaintiffs may live in homes with lead paint and/or lead blinds or may have been exposed to lead through sources other than the City of Jackson's public water supply, which may be a superseding or intervening cause of any injuries claimed by the Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

As its Fourteenth Affirmative Defense, Trilogy states that because Plaintiffs live in different areas of the City, with different water service lines, Plaintiffs do not necessarily assert a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and they are misjoined under Federal Rule of Civil Procedure 20(a)(1).

## FIFTEENTH AFFIRMATIVE DEFENSE

As its Fifteenth Affirmative Defense, Trilogy states that it is entitled to a setoff and/or credit of any benefits received by Plaintiffs from whatever source, including any and all collateral sources, which relates in any way to the claims asserted in this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

As its Sixteenth Affirmative Defense, Trilogy states that Plaintiffs failed to mitigate their damages, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As its Seventeenth Affirmative Defense, Trilogy states that Plaintiffs' alleged injuries and/or damages, if any, may have resulted solely and/or proximately from underlying and/or pre-existing health conditions and/or other conditions or circumstances for which Trilogy is not responsible and for which it has and can have no liability.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As its Eighteenth Affirmative Defense, Trilogy states that Plaintiffs have failed to exercise due care for their own safety and that such failure caused or contributed to the injuries and/or damages alleged herein, and Trilogy hereby invokes the doctrine of contributory negligence and the provisions and protections of Miss. Code Ann. § 11-7-15 in bar of Plaintiffs' claims.

## NINETEENTH AFFIRMATIVE DEFENSE

As its Nineteenth Affirmative Defense, Trilogy invokes all rights and protections afforded to it under the Mississippi Tort Reform Act of 2004.

## TWENTIETH AFFIRMATIVE DEFENSE

As its Twentieth Affirmative Defense, Trilogy invokes all rights and protections afforded to it under Miss. Code Ann. § 85-5-7.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As its Twenty-First Affirmative defense, Trilogy states that Plaintiffs' claims for punitive damages are governed and limited by Miss. Code Ann. § 11-1-65, and Trilogy hereby pleads and invokes the provisions of same, including but not limited to the bifurcation of punitive damages from other issues in this case.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As its Twenty-Second Affirmative Defense, and while denying that Plaintiffs are entitled to punitive damages, exemplary damages, or extra-contractual damages whatsoever, Trilogy affirmatively states as follows:

1.  An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution.

2.  No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awardable and/or in the alternative, the provisions and procedures of Mississippi Code Annotated Section 11-1-65 are hereby invoked, including but not limited to bifurcation.

3.  the criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise, and inconsistent, and are, therefore, in violation of the due process provision of the Fifth and Fourteenth Amendments of the United States Constitution.

4.  An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eight Amendment of the Constitution of the United States of America and Section 28 of the Mississippi Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As its Twenty-Third Affirmative Defense, Trilogy states that there is no basis in law or in fact for Plaintiffs to recover any attorneys' fees or expenses of litigation from Trilogy. Trilogy expressly invokes the American Rule against fee shifting.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As its Twenty-Fourth Affirmative Defense, Trilogy relies upon the rights, obligations and defenses as set forth in the agreement between Trilogy and the City of Jackson.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

As its Twenty-Fifth Affirmative Defense, Trilogy states that Plaintiffs' claims are barred by the doctrines of waiver, laches, estoppel, and/or unclean hands.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

As its Twenty-Sixth Affirmative Defense, Trilogy states that Plaintiffs' claims are barred because Plaintiffs' alleged damages, if any, are indirect, too speculative, too remote, cannot be reasonably ascertained, and/or because of the impossibility of the proof and allocation of these alleged damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As its Twenty-Seventh Affirmative Defense, Trilogy invokes the protections of, and rights afforded to it by Rule 8(c) of the Federal Rule of Civil Procedure and Rule 8(c) of the Mississippi Rules of Civil Procedure.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As its Twenty-Eighth Affirmative Defense, Trilogy incorporates the affirmative defenses asserted by other parties.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

As its Twenty-Ninth Affirmative Defense, Trilogy states that if a Class is certified, then venue of the action is inappropriate because it will be prohibitively difficult to select a disinterested and impartial jury in this district composed of people who are neither themselves members of the class, nor have close relatives or friends who are members of the class, nor have a financial interest in the outcome of the action, nor have close relatives or friends with a financial interest in the outcome of the action, nor have personal knowledge of relevant events involved in the action, and who have not been biased by pervasive and continuing publicity concerning events involved in the action.

## THIRTIETH AFFIRMATIVE DEFENSE

As its Thirtieth Affirmative Defense, Trilogy states that if a class is certified, any recovery by any Plaintiff who was not a minor during the time relevant events occurred, and by all plaintiffs that are not natural persons, must be reduced to the extent of that Plaintiff's contributory fault.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

As its Thirty-First Affirmative Defense, Trilogy states that if a class is certified, and if any fault of Trilogy contributed to cause any injury or loss to any class member – which Trilogy categorically denies – then any liability of Trilogy to that class member must be reduced to the extent they were caused, in whole or in part, by other entities or persons not affiliated with Trilogy. Trilogy is entitled to an apportionment of fault for parties and/or non-parties who contributed, including but not limited to:

1. Cornerstone Engineering LLC;
2. Sodimate, Inc.;
3. RDP Technologies, Inc.;
4. Mississippi State Department of Health;
5. Jim Craig.

Trilogy reserves the right to amend its Affirmative Defenses to identify additional non-parties whose acts or omissions proximately caused Plaintiffs' damages, as discovery is ongoing which may reveal new information.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

As its Thirty-Second Affirmative Defense, Trilogy states that if a class is certified, any recovery by any Plaintiff who was not a minor during the time relevant events occurred, and by all Plaintiffs that are not natural persons, must be reduced to the extent they did not use reasonable efforts to mitigate their alleged damages.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

As its Thirty-Third Affirmative Defense, Trilogy states that if a class is certified, then the class members' injuries and losses, if they have sustained any, were caused solely by persons or entities for whose conduct Trilogy bears no responsibility.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

As its Thirty-Fourth Affirmative Defense, Trilogy states that if a class is certified, the class members' alleged injuries and losses were caused by the intervening superseding conduct of persons or entities over whose conduct Trilogy had not control and for whose Trilogy bears no responsibility.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

As its Thirty-Fifth Affirmative Defense, Trilogy states that if a class is certified, the class members' claims against Trilogy fail because Trilogy had not duty to guard against the criminal conduct of others who contributed to cause the class members' alleged injuries and losses.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

As its Thirty-Sixth Affirmative Defense, Trilogy states that if a class is certified, the class members' claims against Trilogy are barred, in whole or in part, by the learned or sophisticated intermediary doctrine.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As its Thirty-Seventh Affirmative Defense, Trilogy states that the measure of Plaintiffs' damages, if any, are based upon guesswork, speculation, and conjecture.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

As its Thirty-Fifth Affirmative Defense, Trilogy states that if a class is certified, the class members' claims against Trilogy fail because Trilogy had not duty to guard against the criminal conduct of others who contributed to cause the class members' alleged injuries and losses.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

As its Thirty-Sixth Affirmative Defense, Trilogy states that if a class is certified, the class members' claims against Trilogy are barred, in whole or in part, by the learned or sophisticated intermediary doctrine.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As its Thirty-Seventh Affirmative Defense, Trilogy states that the type of claims Plaintiffs allege on their own behalf and on behalf of other similarly situated persons, the existence of who Trilogy expressly denies, are claims in which individual questions predominate and for which class treatment is not appropriate.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

As its Thirty-Eighth Affirmative Defense, Trilogy states that Plaintiffs' claims fail to meet the mandatory requirements of Federal Rules of Civil Procedure 23(a) or 23(b).

## THIRTY-NINTH AFFIRMATIVE DEFENSE

As its Thirty-Ninth Affirmative Defense, Trilogy states that class certification should be denied, because it is not impractical for individual plaintiffs to obtain redress.

## FORTIETH AFFIRMATIVE DEFENSE

As its Fortieth Affirmative Defense, Trilogy states that a class action is not the appropriate or superior method for the fair and efficient adjudication of the controversy underlying the named Plaintiffs' claims.

## FORTY-FIRST AFFIRMATIVE DEFENSE

As its Forty-First Affirmative Defense, Trilogy states that class certification should be denied, because the named Plaintiffs' claims, if meritorious, are not typical of the putative class(es).

## FORTY-SECOND AFFIRMATIVE DEFENSE

As its Forty-Second Affirmative Defense, Trilogy states that class certification should be denied, because the named Plaintiffs' claims will not adequately protect the interests of the putative class(es).

## FORTY-THIRD AFFIRMATIVE DEFENSE

As its Forty-Third Affirmative Defense, Trilogy states that as an engineering firm providing professional engineering services, Trilogy is held to the standard of care of other professionals exercising ordinary professional skill and diligence.  In order to establish an ordinary negligence claim against Trilogy, the Plaintiffs must set forth allegations not based on Trilogy's professional services.  The Plaintiffs have failed to set forth any allegations supporting their claim for ordinary negligence against Trilogy, and their ordinary negligence claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## FORTY-FOURTH AFFIRMATIVE DEFENSE

As its Forty-Fourth Affirmative Defense, Trilogy states that Plaintiffs' claims are barred by the statute of limitations.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

As its Forty-Fifth Affirmative Defense, Trilogy states that to the extent any Plaintiff brings suit as "guardian and next friend," said Plaintiff may lack capacity to do so under Federal Rules of Civil Procedure 17(b) and (c).  Under Mississippi law, "[a] person becomes a guardian for a

minor only on appointment by the Court." Miss. Code § 93-20-201(1). Under Rule 17(c), Plaintiffs may sue as "next friends" if the Court, in its discretion, determines that Plaintiffs will adequately protect the minors' interests. Any Plaintiff bringing suit as "guardian and next friend" must therefore be appointed by the Court, but Plaintiffs have not established that said appointment as guardians has been made.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

As its Forty-Sixth Affirmative Defense, Trilogy states that it is entitled to sovereign immunity pursuant to Miss. Code Ann. § 11-46-3.

**RESERVATION**

Trilogy hereby reserves the right to amend this Answer and Affirmative Defenses to assert additional defenses identified in the course of its investigation, discovery, or preparation for trial, as such defenses become known and/or it otherwise becomes appropriate to assert such affirmative defenses.

RESPECTFULLY SUBMITTED, this the 27th day of December, 2022.

/s/ Davide Macelloni
Davide Macelloni, Esq.
Davide Macelloni, Esq.
Richard G. Daniels, Esq.
DANIELS, RODRIGUEZ, BERKELEY
DANIELS & CRUZ, P.A.
*Attorneys for Trilogy Engineering Services, LLC*
4000 Ponce De Leon Blvd., Ste. 800
Coral Gables, FL 33146
(305) 448-7988
dmacelloni@drbdc-law.com

*/s/ D. Jason Childress*
D. Jason Childress (MSB No. 103678)
WISE CARTER CHILD & CARAWAY,
P.A.
*Attorneys for Trilogy Engineering Services,*
*LLC*
401 E. Capitol Street, Suite 600 (39201)
Post Office Box 651
Jackson, MS 39205-0651
P: 601-968-5500
F: 601-968-5593
djc@wisecarter.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of Court via the ECF System, which served copies upon all counsel and parties of record.
Dated: December 12, 2022.

*/s/ Davide Macelloni*
Davide Macelloni, Esq.