UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PRISCILLA STERLING, et al.                                                PLAINTIFFS

V.                                          CIVIL ACTION NO. 3:22-CV-531-KHJ-MTP

THE CITY OF JACKSON, MISSISSIPPI, et al.                        DEFENDANTS

ORDER

Before the Court is Defendant Siemens Industry Inc.'s ("Siemens") [26] Motion to Dismiss. The motion is denied for the following reasons.

I.      Background

This suit arises from the City of Jackson, Mississippi's ("the City") alleged failure to maintain its public water system (PWS). Plaintiffs are Jackson residents who contend the PWS provided them water containing lead and other contaminants and, at times, no water at all. Compl. [1] ¶¶ 2–3. Defendants include the City, its mayor, Siemens, and Siemens Corporation. *Id.* at 1. Siemens Corporation was dismissed on December 22, 2022. This Order refers to Siemens and Siemens Corporation collectively as the "Siemens Defendants." Plaintiffs' standing argument centers on both defendants' actions.

Plaintiffs contend the Siemens Defendants asked the City in 2010 to hire it to repair the PWS. *Id.* ¶ 264. The Siemens Defendants allegedly "represented that their proposed projects would generate '$120 million in guaranteed savings' in the first 15 years with 'no risk' and would ultimately more than pay for themselves." *Id.*

In 2013, the City contracted with the Siemens Defendants to, among other things, install automatic water meters that would purportedly measure water usage more accurately. *Id.* ¶ 267. The City agreed to pay $94.5 million. *Id.* ¶ 265. The project was funded through a bond measure, and the City would ultimately pay $200 million over an approximately 30-year period. *Id.*

The Siemens Defendants installed over 20,000 water meters incorrectly, which caused inaccurate meter readings, or no readings at all, to be sent to the City. *Id.* ¶¶ 267–68. The meters were also incompatible with the City's billing software, but the Siemens Defendants concealed that problem from the City. *Id.* ¶ 269. Plaintiffs contend that the Siemens Defendants' work caused the City to lose $175 million in revenue. *Id.* ¶ 271. Because of this, the City purportedly lacked "the attention or resources to repair and maintain the PWS or address known problems with equipment, infrastructure, and staffing." *Id.* Moreover, the City's "[p]lummeting revenue" lowered its credit rating, allegedly making it more difficult for the City to maintain the PWS or fund repair projects. *Id.* ¶¶ 272–73.

The Siemens Defendants and the City reached a settlement in 2020 for $90 million. *Id.* ¶ 274. Though that amount covered the original contract price, it was insufficient to cover attorneys' fees and loan payments. *Id.* The Plaintiffs maintain "the Siemens Defendants' conduct caused the City of Jackson's PWS to deteriorate, which contributed to the [City's] failure to provide safe water." *Id.* ¶ 275.

Plaintiffs filed their class action Complaint in September 2022, bringing claims against the Siemens Defendants for professional negligence and negligence.

2

*Id.* ¶¶ 391–409. Siemens moves to dismiss the claims against it, contending (1) the Plaintiffs lack standing to sue it and (2) the Plaintiffs' negligence claims fail as a matter of law. Mot. Dismiss [26].

II.  Standard

The plaintiff bears the burden of proving standing exists. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "[E]ach element of standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *In re Deepwater Horizon*, 739 F.3d 790, 799 (5th Cir. 2014) (quoting *Lewis v. Casey*, 518 U.S. 343, 358 (1996)). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the Court] presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (quoting *Lewis*, 518 U.S. at 358). Accordingly, the Court "will not dismiss for lack of standing if [it] reasonably can infer from the plaintiffs' general allegations that they have standing." *Stallworth v. Bryant*, 936 F.3d 224, 230 (5th Cir. 2019) (quotation omitted). "But the inference must be *reasonable* . . . ." *Id.* (alteration in original) (quotation omitted). "A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Id.* (quotation omitted).

"Constitutional standing is a jurisdictional question." *Day Dreams Res., LLC v. Hutchison*, No. 5:15-CV-37, 2015 WL 4478599, at *1 (S.D. Miss. July 22, 2015) (quoting *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 769 (5th Cir.

3

2011)). Accordingly, a motion to dismiss for lack of standing is governed by Federal Rule of Civil Procedure 12(b)(1). *Id.* Under that rule, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (quoting *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2011)).

III.   Analysis

The Plaintiffs lack standing to sue Siemens because their injury, as currently stated in the Complaint, is not fairly traceable to Siemens's actions. "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014) (quotation omitted). Causation requires the plaintiff to establish an injury that is "fairly traceable to the defendant's allegedly unlawful conduct." *Allen v. Wright*, 468 U.S. 737, 751 (1984), abrogated on other grounds by *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). The line of causation cannot be "too attenuated," *id.* at 752, as "[s]tanding is not an ingenious academic exercise in the conceivable," *Lujan*, 504 U.S. at 566 (quotation omitted).

The Plaintiffs' causation argument is that the Siemens Defendants' shoddy work caused the City to lose $175 million in revenue, which in turn prevented the City from maintaining and repairing the PWS. [1] ¶¶ 271–75. Plaintiffs also allege

that "[p]lummeting revenue" destroyed the City's credit rating, further impeding PWS maintenance and repair projects. *Id.* ¶ 273. And, although the City recouped $90 million in a settlement with the Siemens Defendants, the City still experienced a monetary loss. *Id.* ¶ 274. This line of causation is too attenuated, however, to satisfy Article III's standing requirement.

"In many cases the standing question can be answered chiefly by comparing the allegations of the particular complaint to those made in prior standing cases." *Allen*, 468 U.S. at 751–52 (citing *Los Angeles v. Lyons*, 461 U.S. 95, 102–05 (1983)). As Siemens notes, Plaintiffs' causation argument is similar to the plaintiffs' argument in *Allen v. Wright*, 468 U.S. at 740–50. The *Allen* plaintiffs were parents of black children attending public schools undergoing desegregation. *Id.* at 739. They challenged federal tax exemptions granted to racially discriminatory private schools. *Id.* at 743. The plaintiffs "claim[ed] a direct injury from the mere fact of the challenged Government conduct and . . . injury to their children's opportunity to receive a desegrated education." *Id.* at 746. Though the injury was cognizable, it was not fairly traceable to the tax exemptions because "it [was] entirely speculative" whether the exemptions or their revocation would result in changes to school policy and the children's education. *Id.* at 758. Simply put, "[t]he causal connection depended on the decisions [of third parties], and those decisions were sufficiently uncertain to break the chain of causation between the plaintiffs' injury and the challenged Government action." *Id.* at 759 (citing *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 40–46 (1976)).

Like in *Allen*, the Plaintiffs rely on a speculative link of causation to sue Siemens: because the Siemens Defendants caused the City to lose money, the City could not maintain the PWS. This argument asks the Court to rely on an unknown certainty that the City would have maintained the PWS but for the Siemens Defendants' actions. But "it [is] entirely speculative" whether the City would have otherwise maintained the PWS. *Id.* at 758.

The Plaintiffs maintain that standing exists because their lawsuit is more analogous to *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546 (5th Cir. 1996). In that case, the plaintiffs sued the defendant oil company for discharging polluted water into Galveston Bay, which the plaintiffs used for recreational activities. *Id.* at 550–51, 556. The oil company argued its conduct was not fairly traceable to the plaintiffs' injuries because the plaintiffs did not show that their injury was directly attributable to the company's specific pollutants. The Fifth Circuit rejected this argument noting that, in the pollution context, "the fairly traceable element does not require that the plaintiffs show to a scientific certainty that the defendant's effluent, and the defendant's effluent alone, caused the precise harm suffered by the plaintiffs." *Id.* at 558 (quotation omitted). Plaintiffs argue that principle applies here—Siemens's contribution to Jackson's inability to maintain the PWS is sufficient to satisfy causation. But this case is different because, unlike in *Sierra Club* where the defendant undoubtedly discharged polluted water into Galveston bay and *directly* contributed to the plaintiffs' injuries, the Plaintiffs'

6

theory relies on *the actions of a third party*—the City of Jackson—to establish causation.

Though the Plaintiffs fail to adequately plead that Siemens's alleged conduct is fairly traceable to their injury, "it is generally appropriate to permit plaintiffs an opportunity to correct jurisdictional defects in their complaint." *Bryant v. Holder*, No. 2:10-CV-76, 2011 WL 710693, at *13 (S.D. Miss. Feb. 3, 2011) (citing 28 U.S.C. § 1653). Plaintiffs may file an Amended Complaint within 30 days of the entry of this Order. If Plaintiffs do not, then Siemens will be dismissed. Because the Court concludes the Plaintiffs lack standing to sue Siemens, it does not address Siemens's arguments that the negligence claims against it fail as a matter of law.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. Defendant Siemens Industry Inc.'s [26] Motion to Dismiss is DENIED without prejudice. Plaintiffs are granted leave to file an Amended Complaint, if they choose to do so, within 30 days of the entry of this Order. If no Amended Complaint is filed, Siemens will be dismissed.

SO ORDERED, this the 16th day of May, 2023.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE