**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**Priscilla Sterling, Raine Becker, Shawn**
**Miller, and John Bennett, individually and on**
**behalf of all others similarly situated**
**Plaintiffs**

**v.**                                                        **Civil No. 3:22-cv-531-KHJ-MTP**

**The City of Jackson, Mississippi; Chokwe A.**
**Lumumba; Tony Yarber; Kishia Powell;**
**Robert Miller; Jerriot Smash; and**
**Trilogy Engineering Services LLC**                          **Defendants**

<u>**ANSWER AND DEFENSES TO PLAINTIFFS'**</u>
<u>**AMENDED CLASS ACTION COMPLAINT**</u>

     The City of Jackson, Mississippi, Chokwe A. Lumumba, Tony Yarber, Kishia Powell,

Robert Miller and Jerriot Smash (collectively "Defendants"), through counsel, respond to

Plaintiffs' Class Action Complaint as follows:

**INTRODUCTORY STATEMENT**

1.       Denied.

2.       The City of Jackson's population is approximately 150,000 and it is majority Black.

Otherwise, denied.

3.       Denied.

4.       Denied.

**JURISDICTION**

5.       Plaintiffs initiated this civil action, invoking 42 U.S.C. § 1983.  Otherwise, denied.

6.       Denied.

7.       Denied.

1

8.      The City of Jackson is a Mississippi municipality, subject to the personal jurisdiction of the Southern District of Mississippi. Otherwise, denied.

9.      Mayor Lumumba is a citizen and resident of Mississippi, subject to the personal jurisdiction of the Southern District of Mississippi. Otherwise, denied.

10.     Yarber is a citizen and resident of Mississippi, subject to the personal jurisdiction of the Southern District of Mississippi. Otherwise, denied.

11.     Powell may be subject to the personal jurisdiction of the Southern District of Mississippi for alleged acts she performed during time as the City's public works director. Otherwise, denied.

12.     Smash may be subject to the personal jurisdiction of the Southern District of Mississippi for alleged acts he performed during time as the City's public works director. Otherwise, denied.

13.     Miller may be subject to the personal jurisdiction of the Southern District of Mississippi for alleged acts he performed during time as the City's public works director. Otherwise, denied.

14.     Denied.

15.     Denied.

16.     Denied.

**PARTIES**

17.     Insufficient knowledge or information sufficient; therefore, denied.

18.     Denied.

19.     Denied.

20.    The City of Jackson is a Mississippi municipality and the capital of Mississippi. Jackson maintains and operates a public waterworks system in comportment with the law. Otherwise, denied.

21.    Denied.

22.    Mayor Lumumba is the mayor of the City of Jackson, performing the duties and responsibilities of that office in comportment with the law.  Otherwise, denied.

23.    Yarber is a former mayor of the City of Jackson.  Otherwise, denied.

24.    Powell is a former Public Works Director for the City of Jackson.  Otherwise, denied.

25.    Smash is a former Interim Public Works Director for the City of Jackson. Otherwise, denied.

26.    Miller is a former Public Works Director for the City of Jackson.  Otherwise, denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

## STATEMENT OF THE FACTS

**I.    To the extent a response is required, denied.**

32.    Admitted.

33.    The City of Jackson's public water system provides water for human consumption. Otherwise, denied.

3

34.    A majority of the City of Jackson's population is Black.  Otherwise, denied.

35.    Admitted.

36.    Denied.

37.    Admitted.

38.    Denied.

39.    Admitted.

40.    Admitted.

41.    The City of Jackson has an aging water system.  Otherwise, denied.

42.    Denied.

**II.    To the extent a response is required, denied.**

   **A.  To the extent a response is required, denied.**

43.    Denied.

44.    Denied.

45.    Denied.

46.    In 2011, MSDH identified Hinds County as a high risk area for lead poisoning. Otherwise, denied.

47.    For the monitoring period from January 1, 2010 through December 31, 2012, for Water System No. MS0250008, the reported summary result was .0137 mg/l for lead.  Otherwise, denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Except to admit – upon information and belief – the pH level of certain segments of the Pearl River has fallen below 6.5 on occasion, denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Lime may be used as a part of corrosion control.  Otherwise, denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

**B.  To the extent that a response is required, denied.**

73.     Denied.

74.     For the monitoring period from January 1, 2007 through December 31, 2009, for Water System No. MS0250008, the reported summary result was .0048 mg/l for lead.  Otherwise, denied.

75.     For the monitoring period from January 1, 2011 through December 31, 2013, for Water System No. MS0250008, the reported summary result was .0137 mg/l for lead.  Otherwise, denied.

76.     Except to admit the 2013 test results did not exceed the lead MCL or trigger mandatory action, denied.

77.     Denied.

78.     For the monitoring period from January 1, 2007 through December 31, 2009, for Water System No. MS0250012, the reported summary result was .0017 mg/l for lead.  Otherwise, denied.

79.     For the monitoring period from January 1, 2011 through December 31, 2013, for Water System No. MS0250012, the reported summary result was .0017 mg/l for lead.  Otherwise, denied.

**C.  To the extent that a response is required, denied.**

80.     Denied.

81.     Insufficient knowledge or information; therefore, denied.

82.     Insufficient knowledge or information; therefore, denied.

83.     Insufficient knowledge or information; therefore, denied.

84.     Insufficient knowledge or information; therefore, denied.

85.     Insufficient knowledge or information; therefore, denied.

#101452979v3

86.    Insufficient knowledge or information; therefore, denied.

87.    Insufficient knowledge or information; therefore, denied.

88.    Insufficient knowledge or information; therefore, denied.

89.    Insufficient knowledge or information; therefore, denied.

90.    Insufficient knowledge or information; therefore, denied.

91.    Insufficient knowledge or information; therefore, denied.

92.    The July 18, 2018 Press Release is quoted correctly.  Otherwise, denied.

93.    The July 18, 2018 Press Release is quoted correctly.  Otherwise, denied.

94.    Admitted.

95.    Admitted.

96.    Admitted.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

#101452979v3

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

**D.  To the extent that a response is required, denied.**

118.    Denied.

119.    Denied.

120.    Except to deny the Maddox Road Well system served all of Byram, admitted.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

#101452979v3

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

**E.  To the extent that a response is required, denied.**

139.    Admitted.

140.    Denied.

141.    Denied.

142.    For the monitoring period from January 1, 2013 through December 31, 2015, for Water System No. MS0250008, Jackson reported summary results of .0286 mg/l.  Otherwise, denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

**F.  To the extent that a response is required, denied.**

147.    Denied.

148.    The Jackson Free Press quoting Powell as stating, "This is not a situation where you have to stop drinking the water."  Otherwise, denied.

9

149.    Denied.

150.    To paraphrase, Powell stated the LCR results reported to Jackson in January 2016 did not mean Jackson violated the SDWA and Jackson's water was safe.  Otherwise, denied.

151.    To paraphrase, Powell stated Flint did not have corrosion control measures, while Jackson did.  Otherwise, denied.

152.    Denied.

153.    Denied.

154.    To paraphrase, Yarber stated Jackson was not Flint and he did not want to sound the wrong alarm.  Otherwise, denied.

155.    Denied.

156.    Denied.

157.    Powell stated, "[T]here is no lead in the drinking water as it leaves the plant." Otherwise, denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Insufficient knowledge or information; otherwise, denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

#101452979v3

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

**G.  To the extent that a response is required, denied.**

172.    Admitted.

173.    Admitted.

174.    Admitted.

175.    Admitted.

176.    Admitted.

177.    Admitted.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Admitted.

184.    Admitted.

185.    Denied.

186.    Denied.

**H.  To the extent that a response is required, denied.**

187.    Denied.

188.    Denied.

#101452979v3

189. Denied.

190. Denied.

191. Denied.

192. Denied.

**I.     To the extent that a response is required, denied.**

   **1.     To the extent that a response is required, denied.**

193. The City issued boil-water notices from Spring 2016 to the present.  Otherwise, denied.

194. Denied.

   **2.     To the extent that a response is required, denied.**

195. Denied.

196. Denied.

197. Denied.

198. Denied.

   **3.     To the extent that a response is required, denied.**

199. In February 2016, Jackson agreed to a Compliance Plan.  Otherwise, denied.

200. Admitted.

201. Admitted.

202. The City Council approved a contract for Trilogy Engineering Services LLC ("Trilogy") to perform a water treatment system corrosion control study and perform other engineering services.  Otherwise, denied.

203. Admitted.

204. Denied.

205.    Denied.

206.    Trilogy was retained to conduct, among other things, a corrosion control study. Otherwise, denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Admitted.

213.    The use of soda ash was one of Trilogy's recommendations to the City of Jackson. Otherwise, denied.

214.    Admitted.

215.    Denied.

216.    The City of Jackson issued the July 18, 2018 Release, entitled "The City of Jackson Addresses Technical Violations Found in Water Treatment Process." Otherwise, denied.

217.    The City of Jackson issued the July 18, 2018 Release, entitled "The City of Jackson Addresses Technical Violations Found in Water Treatment Process." Otherwise, denied.

218.    Denied.

219.    Denied.

220.    Denied.

221.    Denied.

222.    Denied.

223.    Denied.

#101452979v3

224.    Denied.

225.    Trilogy recommended the switch.  Otherwise, denied.

226.    Denied.

227.    Denied.

**J.   To the extent that a response is required, denied.**

228.    Denied.

229.    The first sentence is denied. Insufficient knowledge or information sufficient regarding the remainder; therefore, denied.

230.    Insufficient knowledge or information; therefore, denied.

231.    Insufficient knowledge or information; therefore, denied.

232.    Insufficient knowledge or information; therefore, denied.

233.    Insufficient knowledge or information; therefore, denied.

234.    Insufficient knowledge or information; therefore, denied.

235.    Insufficient knowledge or information; therefore, denied.

236.    Insufficient knowledge or information; therefore, denied.

237.    Denied.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Insufficient knowledge or information; therefore, denied.

242.    Insufficient knowledge or information; therefore, denied.

243.    Insufficient knowledge or information; therefore, denied.

244.    Denied.

#101452979v3

**III.    To the extent that a response is required, denied.**

     **A.  To the extent that a response is required, denied.**

    245.    Denied.

    246.    Denied.

    247.    Denied.

    248.    Denied.

    249.    Denied.

    250.    Denied.

    251.    The Mississippi State Health Department issued a boil-water advisory in late July 2022.  Otherwise, denied.

    252.    Denied.

    253.    Denied.

    254.    Denied.

    255.    Denied.

    256.    Denied.

    257.    Denied.

    258.    Denied.

    259.    Denied.

    260.    Denied.

    261.    Denied.

**IV.    To the extent that a response is required, denied.**

     **A.  To the extent that a response is required, denied.**

    262.    Denied.

#101452979v3

263.    The NEIC Civil Investigation Report speaks for itself.  Otherwise, denied.

264.    The NEIC Civil Investigation Report speaks for itself.  Otherwise, denied.

265.    The Emergency Administrative Order speaks for itself.  Otherwise, denied.

266.    The Emergency Administrative Order speaks for itself.  Otherwise, denied.

267.    The Cover Letter speaks for itself.  Otherwise, denied.

268.    The Emergency Administrative Order speaks for itself.  Otherwise, denied.

269.    The Emergency Administrative Order speaks for itself.  Otherwise, denied.

270.    The Emergency Administrative Order speaks for itself.  Otherwise, denied.

271.    The Emergency Administrative Order speaks for itself.  Otherwise, denied.

272.    The Emergency Administrative Order speaks for itself.  Otherwise, denied.

273.    Denied.

274.    Denied.

275.    Denied.

276.    Denied.

**B.  To the extent that a response is required, denied.**

277.    Denied.

278.    The City provided notice on May 12, 2021, and that notice speaks for itself. Otherwise, denied.

279.    Denied.

280.    Denied.

281.    Denied.

282.    The quote from the Notice of Compliance is in the Notice.  Otherwise, denied.

283.    The EPA's director of Enforcement and Compliance Assurance Division made the quoted statement.  Otherwise, denied.

284.    Denied.

285.    Denied.

286.    Denied.

287.    Denied.

288.    Denied.

289.    Denied.

**V.    To the extent that a response is required, denied.**

**A.  To the extent a response is required, denied.**

290.    Insufficient knowledge or information; therefore, denied.

291.    Insufficient knowledge or information; therefore, denied.

292.    Insufficient knowledge or information; therefore, denied.

293.    Insufficient knowledge or information; therefore, denied.

294.    Insufficient knowledge or information; therefore, denied.

295.    Insufficient knowledge or information; therefore, denied.

296.    Insufficient knowledge or information; therefore, denied.

297.    Insufficient knowledge or information; therefore, denied.

298.    Denied.

299.    Insufficient knowledge or information; therefore, denied.

300.    Denied.

301.    Insufficient knowledge or information; therefore, denied.

302.    Denied.

**B. To the extent a response is required, denied.**

303. Insufficient knowledge or information; therefore, denied.

304. Denied.

305. Insufficient knowledge or information; therefore, denied.

306. Insufficient knowledge or information; therefore, denied.

307. Insufficient knowledge or information; therefore, denied.

308. Insufficient knowledge or information; therefore, denied.

309. Insufficient knowledge or information; therefore, denied.

310. Denied.

311. Insufficient knowledge or information; therefore, denied.

312. Denied.

313. Denied.

314. Denied.

315. Denied.

**C. To the extent a response is required, denied.**

316. Insufficient knowledge or information; otherwise, denied.

317. Insufficient knowledge or information; otherwise, denied.

318. Insufficient knowledge or information; otherwise, denied.

319. Insufficient knowledge or information; otherwise, denied.

320. Insufficient knowledge or information; otherwise, denied.

321. Insufficient knowledge or information; otherwise, denied.

322. Insufficient knowledge or information; otherwise, denied.

323. Insufficient knowledge or information; otherwise, denied.

324.    Insufficient knowledge or information; otherwise, denied.

325.    Denied.

326.    Insufficient knowledge or information; otherwise, denied.

327.    Denied.

328.    Insufficient knowledge or information; otherwise, denied.

329.    Denied.

**D.  To the extent a response is required, denied.**

330.    Insufficient knowledge or information; otherwise, denied.

331.    Insufficient knowledge or information; otherwise, denied.

332.    Insufficient knowledge or information; otherwise, denied.

333.    Insufficient knowledge or information; otherwise, denied.

334.    Insufficient knowledge or information; otherwise, denied.

335.    Insufficient knowledge or information; otherwise, denied.

336.    Insufficient knowledge or information; otherwise, denied.

337.    Insufficient knowledge or information; otherwise, denied.

338.    Denied.

339.    Insufficient knowledge or information; otherwise, denied.

340.    Denied.

341.    Insufficient knowledge or information; otherwise, denied.

342.    Denied.

## CLASS ALLEGATIONS

**A.  To the extent a response is required, denied.**

343.    Denied.

#101452979v3

**To the extent a response is required, denied.**

344.    Insufficient knowledge or information; otherwise, denied.

345.    Insufficient knowledge or information; otherwise, denied.

346.    Denied.

**B.    To the extent a response is required, denied.**

347.    Denied.

348.    Denied.

349.    Denied.

350.    Denied.

351.    Denied.

352.    Denied.

353.    Denied.

354.    Denied.

355.    Denied.

## <u>CLAIMS FOR RELIEF</u>

### <u>COUNT I</u>

356.    Defendants incorporate by reference all preceding averments set forth above as if fully stated herein.

357.    Denied.

358.    Denied.

359.    Denied.

360.    Denied.

361.    Denied.

362.    Denied.

#101452979v3

363.    Denied.

364.    Denied.

## COUNT II

365.    Defendants incorporate by reference all preceding averments set forth above as if fully stated herein.

366.    Denied.

367.    Denied.

368.    Denied.

369.    Denied.

370.    Denied.

371.    Denied.

372.    Denied.

373.    Denied.

374.    Denied.

375.    Denied.

## COUNT III

376.    Defendants incorporate by reference all averments set forth above as if fully stated herein.

377.    Insufficient knowledge or information; otherwise, denied.

378.    Insufficient knowledge or information; otherwise, denied.

379.    Insufficient knowledge or information; otherwise, denied.

380.    Insufficient knowledge or information; otherwise, denied.

381.    Insufficient knowledge or information; otherwise, denied.

382.    Insufficient knowledge or information; otherwise, denied.

#101452979v3

383. Insufficient knowledge or information; otherwise, denied.

384. Insufficient knowledge or information; otherwise, denied.

385. Insufficient knowledge or information; otherwise, denied.

386. Denied.

387. Insufficient knowledge or information; otherwise, denied.

388. Insufficient knowledge or information; otherwise, denied.

**COUNT IV**

389. Defendants incorporate by reference all averments set forth above as if fully stated herein.

390. Insufficient knowledge or information; otherwise, denied.

391. Insufficient knowledge or information; otherwise, denied.

392. Denied.

393. Insufficient knowledge or information; otherwise, denied.

394. Insufficient knowledge or information; otherwise, denied.

395. Insufficient knowledge or information; otherwise, denied.

396. Insufficient knowledge or information; otherwise, denied.

397. Insufficient knowledge or information; otherwise, denied.

398. Denied.

399. Insufficient knowledge or information; otherwise, denied.

400. Insufficient knowledge or information; otherwise, denied.

**COUNT V**

401. Defendants incorporate by reference all averments set forth above as if fully stated herein.

402. Insufficient knowledge or information; therefore, denied.

22

403.    Insufficient knowledge or information; therefore, denied.

404.    Insufficient knowledge or information; therefore, denied.

405.    Insufficient knowledge or information; therefore, denied.

406.    Insufficient knowledge or information; therefore, denied.

407.    Insufficient knowledge or information; therefore, denied.

408.    Denied.

409.    Denied.

410.    Denied.

411.    Denied.

412.    Denied.

413.    Denied.

414.    Denied.

415.    Denied.

416.    Denied.

417.    Upon information and belief, admitted as to the City of Jackson, Lumumba, Yarber,

Powell, Miller and Smash.  Otherwise, insufficient knowledge or information; therefore, denied.

418.    Denied.

419.    Denied.

420.    Denied.

## DEMAND FOR JURY TRIAL

421.    Denied.

## RELIEF REQUESTED

Denied, specifically denying Plaintiffs are entitled to any relief from Defendants.

23

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to the purported causes of action in the Complaint, without conceding that they bear the burden of proof or persuasion as to any one of them, as follows:

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted, and their claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## SECOND DEFENSE

Mayor Lumumba is entitled to qualified immunity to suit for Plaintiffs' § 1983 claims.

## THIRD DEFENSE

Yarber is entitled to qualified immunity to suit for Plaintiffs' § 1983 claims.

## FOURTH DEFENSE

Powell is entitled to qualified immunity to suit for Plaintiffs' § 1983 claims.

## FIFTH DEFENSE

Miller is entitled to qualified immunity to suit for Plaintiffs' § 1983 claims.

## SIXTH DEFENSE

Smash is entitled to qualified immunity to suit for Plaintiffs' § 1983 claims.

## SEVENTH DEFENSE

The acts Plaintiffs allege occurred did not violate Plaintiffs' clearly established constitutional rights of which a reasonable person would have known.

## EIGHTH DEFENSE

That at all times pertinent herein, Defendants and/or their officials, employees, and/or agents were and are presently duly qualified and herein engaged in the performance of their

24

regularly assigned duties, and further, these individual officials, employees, and/or agents at all times herein acted in good-faith and without malice.

## NINTH DEFENSE

Defendants assert that they and their officials, employees, and/or agents acted in good faith and neither directly nor indirectly performed any acts whatsoever which would constitute a violation of any laws or regulations or a violation of any right or any duty owed to Plaintiffs.

## TENTH DEFENSE

All actions taken by Defendants and/or their officials, employees, and/or agents during the incident complained of were within the scope of their employment and jurisdiction in the good-faith belief that their actions were reasonable, proper, and lawful.

## ELEVENTH DEFENSE

Defendants and their officials, employees, and/or agents were performing their duties in a reasonable manner consistent with the exigent circumstances that emerged or existed at the time. In all manners, the actions of said Defendants and/or their officials, employees and/or agents were reasonable and proper based upon the exigent circumstances that existed at the time.

## TWELFTH DEFENSE

Plaintiffs fail to state a claim against the City of Jackson under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), for violation of Plaintiffs' constitutional rights pursuant to § 1983.

## THIRTEENTH DEFENSE

No official policy, practice, or custom has been promulgated, existed and/or served to deprive Plaintiffs of their constitutional rights.

#101452979v3

## FOURTEENTH DEFENSE

Plaintiffs' demand for punitive and exemplary damages from the City of Jackson fails as a matter of law under § 1983. *City of Newport v. Fact Concerts*, 453 U.S. 247 (1981).

## FIFTEENTH DEFENSE

An award of punitive damages would violate Defendants' rights under the United States Constitution, including their rights to (1) procedural due process under the Fourteenth Amendment to the United States Constitution, (2) protection from "excessive fines as provided in the Eighth Amendment to the United States Constitution, and (3) substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

## SIXTEENTH DEFENSE

Plaintiffs have failed to aver facts sufficient to support an award of punitive damages.

## SEVENTEENTH DEFENSE

Some, or all, of the Plaintiffs' claims are barred by the applicable statute of limitations.

## EIGHTEENTH DEFENSE

Under Fifth Circuit precedent and 42 U.S.C. § 1988, state law governs apportionment of fault for liability under 42 U.S.C. § 1983.  Mississippi law requires that fault be apportioned between joint tortfeasors, including those immune from suit or not named as defendants, absent a conscious and deliberate pursuit of a common plan to commit a tortious act.  MISS. CODE § 85-5-7.  To the extent any Defendant is at fault, which is denied, fault should be allocated to each Defendant in direct proportion to his or her percentage of fault, taking into account the percentage of fault borne by other parties, including, but not limited to, the owners of Plaintiffs' homes and underlying water service lines.

26

## NINETEENTH DEFENSE

To the extent any Plaintiffs received specific notice from the City regarding the potential risks of lead contamination and assumed the risk by ingesting the water anyway, and to the extent Plaintiffs are responsible for lead exposure from sources other than the public water supply, those Plaintiffs' damages, if any, should be diminished in proportion to the amount of negligence attributable to the person injured under Mississippi Code § 11-7-15.

## TWENTIETH DEFENSE

Plaintiffs' damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which Defendants are not legally responsible.

## TWENTY-FIRST DEFENSE

Plaintiffs are estopped from recovery against Defendants because any damages were caused solely by their own acts, omissions, or failure to act appropriately under the circumstances.

## TWENTY-SECOND DEFENSE

Plaintiffs may live in homes with lead paint and/or lead blinds, or may have been exposed to lead through sources other than the City's public water supply, which may be a superseding or intervening cause of any injuries Plaintiffs claim.

## TWENTY-THIRD DEFENSE

Class certification under the circumstances set forth in the Complaint would violate Defendants' rights under the United States Constitution.

#101452979v3

**TWENTY-FOURTH DEFENSE**

The type of claims Plaintiffs allege on their own behalf and on behalf of other similarly situated employees, the existence of who Defendants expressly deny, are claims in which individual questions predominate and for which class treatment is not appropriate.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims fail to meet the mandatory requirements of Federal Rules of Civil Procedure 23(a) or 23(b).

**TWENTY-SIXTH DEFENSE**

Class certification should be denied, because it is not impractical for individual plaintiffs to obtain redress.

**TWENTY-SEVENTH DEFENSE**

A class action is not the appropriate or superior method for the fair and efficient adjudication of the controversy underlying the named Plaintiffs' claims.

**TWENTY-EIGHTH DEFENSE**

Class certification should be denied, because the named Plaintiffs' claims, if meritorious, are not typical of the putative class(es).

**TWENTY-NINTH DEFENSE**

Class certification should be denied, because the named Plaintiffs' claims will not adequately protect the interests of the putative class(es).

**THIRTIETH DEFENSE**

Some or all Plaintiffs may have failed to mitigate their damages.  Their damages are barred, in whole or in part, by a failure to mitigate damages.

#101452979v3

**THIRTY-FIRST DEFENSE**

One or more superseding and/or intervening causes—such as a preexisting medical condition or conditions—preclude any finding of liability for damages on the part of these Defendants.

**THIRTY-SECOND DEFENSE**

The measure of Plaintiffs' damages, if any, are based upon guesswork, speculation, and conjecture.

**THIRTY-THIRD DEFENSE**

Defendants have not breached any duty owed to Plaintiffs.

**THIRTY-FOURTH DEFENSE**

Plaintiffs' claims under Section 1983 are preempted by the Safe Drinking Water Act.

**THIRTY-FIFTH DEFENSE**

Under Mississippi Code § 11-46-9(1)(a), Defendants are not liable for any of Plaintiff's asserted state law claims because such claims arose out of action of a legislative nature.

**THIRTY-SIXTH DEFENSE**

Under Mississippi Code Ann. § 11-46-9(1)(b), Defendants are not liable for any of Plaintiff's asserted state law claims because such claims arose out of any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation, whether or not the statute, ordinance or regulation be valid.

**THIRTY-SEVENTH DEFENSE**

Under Mississippi Code § 11-46-9(1)(d), Defendants are not liable for any of Plaintiff's asserted state law claims because such claims are based upon the exercise or performance or the

failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

## THIRTY-EIGHTH DEFENSE

Under Mississippi Code § 11-46-9(1)(g), Defendants are not liable for any of Plaintiff's asserted state law claims because such claims arise out of the exercise of discretion in determining whether or not to seek or provide the resources necessary for the purchase of equipment, the construction or maintenance of facilities, the hiring of personnel and, in general, the provision of adequate governmental services.

## THIRTY-NINTH DEFENSE

Under Mississippi Code § 11-46-9(1)(p), Defendants are not liable for any of Plaintiff's asserted state law claims arising out of a plan or design for construction or improvements to public property, including, but not limited to, public buildings, highways, roads, streets, bridges, levees, dikes, dams, impoundments, drainage channels, diversion channels, harbors, ports, wharfs or docks, where such plan or design has been approved in advance of the construction or improvement by the legislative body or governing authority of a governmental entity or by some other body or administrative agency, exercising discretion by authority to give such approval, and where such plan or design is in conformity with engineering or design standards in effect at the time of preparation of the plan or design.

## FORTIETH DEFENSE

The Mississippi Tort Claims Act, Mississippi Code § 11-46-11, *et seq.*, requires that Plaintiff give notice of any tort claims in writing, delivered in person or by registered or certified United States mail, at least ninety (90) days before instituting suit. No action whatsoever may be maintained by the claimant until the claimant receives a notice of denial of claim or the tolling

#101452979v3

period expires, whichever comes first, after which the claimant has an additional ninety (90) days to file suit; failure to file within the time allowed is an absolute bar to any further proceedings under this chapter.  Mississippi Code § 11-46-11(3)(b).  Plaintiff did not serve the required notice.

### FORTY-FIRST DEFENSE

The statute of limitations for Mississippi Tort Claims Act claims is one year, plus ninety-five (95) days from the date of the serving notice of claim. To the extent minor Plaintiff had a court-appointed guardian on or before July 15, 2020, and Plaintiff suffered his or her injuries on or before July 15, 2020, Plaintiff's claims are not tolled under Mississippi Code § 15-1-53 and are time-barred under Mississippi Code § 11-46-11(3)(a).

### FORTY-SECOND DEFENSE

To the extent Plaintiff's claims under the Mississippi Tort Claims Act survive to trial, those claims must be tried without a jury under Mississippi Code § 11-46-13, and Defendants deny that Plaintiff has any right to a trial by jury on that claim.

### FORTY-THIRD DEFENSE

Under Mississippi Code § 11-46-15(2) Plaintiff is barred from recovery of exemplary or punitive damages, pre-judgment interest, or attorneys' fees against Defendants for any claims under the Mississippi Tort Claims Act.

### FORTY-FOURTH DEFENSE

Defendants plead as an affirmative defense Mississippi Code § 11-46-15(1)(c), which caps liability for all claims against a government entity or its employee arising out of a single occurrence at Five Hundred Thousand Dollars ($500,000).

#101452979v3

## FORTY-FIFTH DEFENSE

Under Mississippi Code § 11-46-7(2), the individual Defendants – namely Mayor Lumumba, Yarber, Powell, Smash, and Miller, cannot be held personally liable for acts or omissions occurring within the course and scope of his or her employment.

## FORTY-SIXTH DEFENSE

All actions taken by Defendants and/or their officials, employees, and/or agents during the incident complained of were within the scope of their employment and jurisdiction in the good-faith belief that their actions were reasonable, proper, and lawful.

## FORTY-SEVENTH DEFENSE

Plaintiffs fail to join necessary parties, and their claims should be dismissed under Federal Rule of Civil Procedure 12(b)(7).

## FORTY-EIGHTH DEFENSE

Defendants reserve the right to amend this Answer and Affirmative Defenses to assert any additional defenses identified in the course of their investigation, discovery, or preparation for trial, as such defenses become known and/or it otherwise becomes appropriate to assert such affirmative defenses.

RESPECTFULLY SUBMITTED, this the 14th day of July, 2023.

/s/ Clarence Webster, III
CLARENCE WEBSTER, III

Clarence Webster, III (MSB #102111)
Kaytie M. Pickett (MSB #103202)
Adam Stone (MSB #10412)
JONES WALKER LLP
190 E. Capitol Street, Suite 800
Jackson, MS 39201
Telephone: (601) 949-4900
Facsimile: (601) 949-4804
cwebster@joneswalker.com

32

#101452979v3

kpickett@joneswalker.com
astone@joneswalker.com

*Counsel for the City of Jackson*

/s/ Terris C. Harris
TERRIS C. HARRIS

Terris C. Harris (MSB #99433)
THE COCHRAN FIRM-JACKSON, LLC
197 Charmant Place, Suite 2
Ridgeland, MS 39157
Telephone: (601) 790-7600
tharris@cochranfirm.com
*Counsel for Tony Yarber, Kishia Powell*
*and Jerriot Smash*

/s/ John F. Hawkins
JOHN F. HAWKINS

John F. Hawkins (MSB #9556)
HAWKINS LAW, P.C.
226 North President Street (39201)
Post Office Box 24627
Jackson, MS 39225-4627
Telephone: (601) 969-9692
Facsimile: (601) 914-3580
john@hgattorneys.com
*Counsel for Mayor Chokwe A.*
*Lumumba and Robert Miller*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2023, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which served a copy of the foregoing on all counsel of record.

/s/ Clarence Webster, III
CLARENCE WEBSTER, III

33

#101452979v3