UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**Priscilla Sterling, Raine Becker, Shawn Miller, and John Bennett, individually and on behalf of all others similarly situated**
**Plaintiffs**

v.                                                          Civil No. 3:22-cv-531-KHJ-MTP

**The City of Jackson, Mississippi; Chokwe A. Lumumba; Tony Yarber; Kishia Powell; Robert Miller; Jerriot Smash; Siemens Corporation; Siemens Industry, Inc.; and Trilogy Engineering Services LLC**                    **Defendants**

**JERRIOT SMASH'S MEMORANDUM IN SUPPORT OF MOTION
FOR JUDGMENT ON THE PLEADINGS TO DISMISS THE
AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF
AND MONEY DAMAGES AND/OR FOR QUALIFIED IMMUNITY**

Plaintiffs bring two § 1983 claims against Smash in his individual capacity. But, Plaintiffs fail to allege Smash participated in any of the conduct giving rise to those claims. In fact, Smash is not mentioned in the "Introductory Statement" or "Statement of Facts" sections of the Amended Class Action Complaint for Injunctive Relief and Money Damages with Jury Trial Demand. *See* Am. Compl. [Doc. 57] at 1, 11-72. That is noteworthy because those are the only sections in which Plaintiffs make factual allegations. Plaintiffs have not stated a § 1983 claim against Smash.

Additionally, and for the reasons stated in the City of Jackson's Motion for Judgment on the Pleadings and Memorandum in Support, which Smash incorporates by reference, Plaintiffs' state-created-danger claim fails as a matter of law.

For the reasons set forth in Tony Yarber and Kishia Powell's Motion for Qualified Immunity and to Dismiss and Memorandum in Support and Mayor Chokwe A. Lumumba's and Robert Miller's Motion for Qualified Immunity and to Dismiss and Memorandum in Support, all of which Smash incorporates by reference—including the qualified immunity arguments—

Plaintiffs' bodily-integrity claim fails to state a claim against Smash for the additional reason that he, too, is entitled to qualified immunity. Of note, Judge Carlton Reeves granted Smash's request for qualified immunity in consolidated litigation, captioned *J.W., et al. v. The City of Jackson, et al.*, in which the plaintiffs pled similar facts and claims against Smash. Or. [Doc. 135], No. 3:21-CV-663-CWR-LGI (S.D. Miss. Mar. 23, 2023), at 27-33.

Last, to the extent Plaintiffs assert Count V against Smash in his individual capacity, Count V should be dismissed, because Plaintiffs plead Smash "acted in the course and scope of [his] employment."

## RELEVANT FACTUAL ALLEGATIONS

Smash is identified in the "Jurisdiction" section of the Complaint, where Plaintiffs assert—in conclusory terms—Smash is subject to the jurisdiction of this Court because "the acts and omissions giving rise to Plaintiffs' claims took place in the State of Mississippi." Compl. [Doc. 57] at 4-5 (¶ 12). Smash is next mentioned in the "Parties" section, in which Plaintiffs identify him as the "Interim Public Works Director for Jackson from approximately May 2016 to October 2017." *Id.* at 9-10 (¶ 25). Smash is not mentioned in any other factual averment in the Amended Complaint.

## ARGUMENT AND AUTHORITIES

**I.      Standard of Review**

A Rule 12(b)(6) motion tests the sufficiency of a party's complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63, 570 (2007). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.2d 631, 634 (5th Cir. 2014); *Petersen Indus., Inc. v. Hol-Mac Corp.*, No. 4:10-cv-152-CWR-

2

FKB, 2011 U.S. Dist. LEXIS 13338, *3 (S.D. Miss. Feb. 9, 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Petersen Indus.*, 2011 U.S. Dist. LEXIS 13338, at *3-4 (quoting *Iqbal*, 556 U.S. at 678).

The facial plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Petersen Indus.*, 2011 U.S. Dist. LEXIS 13338, at *3 ("A plaintiff's complaint must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quoting *Twombly*, 550 U.S. at 555).

The legal standard is the same for dismissal motions filed under Rule 12(c). *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209-10 (5th Cir. 2010); *Atwood v. Tullos*, 312 F. Supp. 3d 553, 559-60 (S.D. Miss. 2018) ("In deciding a 12(c) motion, the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.") (internal quotations omitted).

The standard for a qualified immunity motion brought at the pleadings stage is the same as any other Rule 12(b)(6) or 12(c) motion, save for one difference: the burden is on the *plaintiff*, not the movant, to demonstrate the inapplicability of the defense. *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012).

**II.    Plaintiffs have not pleaded Smash violated their constitutional rights.**

Plaintiffs' averments are devoid of the requisite factual detail and particularity to state a constitutional claim against Smash. "Individual capacity claims against state actors under the

3

civil rights statutes implicate a heightened pleading standard." *Williams v. Barbour*, No. 3:09CV179-DPJ-JCS, 2009 U.S. Dist. LEXIS 98114, *6 (S.D. Miss. Oct. 2, 2009) (citing *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987)). That pleading standard requires more than generic pleadings; it requires Plaintiffs to allege "specific conduct" and "specific facts giving rise to a constitutional violation." *Williams*, 2009 U.S. Dist. LEXIS 98114, *7; *see also Spikes v. McVea*, No. 19-30019, 2021 U.S. App. LEXIS 27612, *1 (5th Cir. Sept. 14, 2021) (noting the qualified-immunity inquiry must focus on the role of each defendant, not the collective action of a group of defendants) (citing *Taylor v. Riojas*, 141 S. Ct. 52, 54 (2020); *Dyer v. Houston*, 964 F.3d 374, 382 n.6 (5th Cir. 2020)). Under the pleading standard, Plaintiffs must provide "factual detail and particularity." *Williams*, 2009 U.S. Dist. LEXIS 98114, *7.

In *Williams*, the district court set forth the pleading requirement for alleging a constitutional claim against a government official in his individual capacity in the Fifth Circuit:

> The generic pleading requirements of [Rule] 8 govern suits against individual defendants in their official capacity. Oliver need only provide a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Plaintiffs suing government officials *in their individual capacities, however must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation.*

2009 U.S. Dist. LEXIS 98114, *7 (emphasis added).[1]

---

[1] That pleading standard is consistent with *Iqbal* and *Twombly*, requiring "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Williams*, 2009 U.S. Dist. LEXIS 98114, *7-8 (quoting *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999)); *see generally Petersen Indus.*, 2011 U.S. Dist. LEXIS 13338, at *3-4 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting *Iqbal*, 556 U.S. at 678); *Twombly*, 550 U.S. at 570 (requiring plaintiff to plead "enough facts to state a claim to relief that is plausible on its face").

4

Plaintiffs fail to identify even one of Smash's alleged act or omission that led to their alleged injuries.[2] *See, e.g.*, *Williams*, 2009 U.S. Dist. LEXIS 98114, at *7 (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)); *Spikes*, 2021 U.S. App. LEXIS 27612, at *1; *Dyer*, 964 F.3d at 382 n.6.  And, Smash may not be held individually liable for the conduct of other government officials.  *See generally Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) ("Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent.").

*Williams v. Barbour* is illustrative.  The *Williams* Court found the plaintiffs' factual allegations were insufficient to state a constitutional claim because they did not "state what, if anything, any of the [i]ndividual [d]efendants said or did" that gave rise to the plaintiffs' claims. 2009 U.S. Dist. LEXIS 98114, *10.  The *Williams* court specifically noted the plaintiffs' pleadings were insufficient because they failed to show how each defendant was involved in the decisions giving rise to the asserted claims.  *Id.*  The Court should reach the same result here.

Plaintiffs' Complaint does not identify one thing Smash said or did that gave rise to their claims.  Smash is not even mentioned in the Complaint's "Statement of Facts".  That pleading deficiency is fatal to Counts I and II of the Complaint against Smash.

---

[2]   "[I]n a due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998); *see also Pena v. Givens*, 637 F. App'x 775, 782 (5th Cir. 2015) (unpublished).  In *Lewis*, the Supreme Court emphasized that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *Id.* at 846 (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 129 (1992)).  Not only must the executive action be conscience-shocking, but it must also be made with subjective "deliberate indifference." *Sanchez v. Oliver*, 995 F.3d 461, 473 (5th Cir. 2021).  "'Deliberate indifference is an extremely high standard to meet.'" *Id.* (quoting *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)).  Plaintiffs cannot demonstrate conscience-shocking, deliberate indifference with respect to Smash because they fail to identify anything Smash did to cause their alleged injuries.

**III.     Plaintiffs do not plead a MTCA claim against Smash individually.**

To the extent Plaintiffs assert Count V against Smash in his individual capacity—*see generally* Am. Compl. [Doc. 57] at 9-10 (¶ 25)—it should be dismissed because Plaintiffs plead Smash "acted in the course and scope of [his] employment." *See, e.g.*, *id.* at 91 (¶ 417); *see also City of Clinton v. Tornes*, 252 So. 3d 34, 37 (Miss. 2018) ("While the MTCA permits a government employee to 'be joined in an action against a governmental entity in a *representative* capacity if the act or omission complained of is one for which the governmental entity may be liable,' the MTCA makes clear 'no employee shall be held *personally* liable for acts or omissions occurring within the course and scope of the employee's duties.'") (quoting MISS. CODE § 11-46-7(2) (Rev. 2012)) (emphasis in original); *Dearman v. Stone Cnty. Sch. Dist.*, Civ. No. 1:13-cv-267-HSO-RHW, 2014 U.S. Dist. LEXIS 37489, *19-20 (S.D. Miss. Mar. 21, 2014) ("The MTCA generally provides that employees of a governmental entity who act within the course and scope of employment are not personally liable for injuries arising from their acts or omissions."). Plaintiffs' pleadings eviscerate any MTCA claim against Smash in his individual capacity.

## CONCLUSION

For the forgoing reasons, the Court should dismiss Counts I, II and V against Smash.

RESPECTFULLY SUBMITTED, this the 14th day of July, 2023.

>    */s/ Terris C. Harris*
>    TERRIS C. HARRIS

Terris C. Harris (MSB #99433)
THE COCHRAN FIRM-JACKSON, LLC
197 Charmant Place, Suite 2
Ridgeland, MS 39157
Telephone: (601) 790-7600
tharris@cochranfirm.com
*Counsel for Jerriot Smash*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2023, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which served a copy of the foregoing on all counsel of record.

             */s/ Terris C. Harris*
             TERRIS C. HARRIS