UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **Priscilla Sterling, Raine Becker, Shawn Miller, and John Bennett, individually and on behalf of all others similarly situated** | **PLAINTIFFS** |
| v. | Civil No. 3:22-cv-531-KHJ-MTP |
| **The City of Jackson, Mississippi; Chokwe A. Lumumba; Tony Yarber; Kishia Powell; Robert Miller; Jerriot Smash; Siemens Corporation; Siemens Industry, Inc.; and Trilogy Engineering Services LLC** | **DEFENDANTS** |

### JERRIOT SMASH'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR QUALIFIED IMMUNITY

In his initial briefing, Smash established Plaintiffs did not set forth factual averments, giving rise to their constitutional claims against him. Plaintiffs respond by attributing the alleged conduct of other defendants to Smash and introducing facts not included in Plaintiffs' pleadings. That response is unavailing. Established precedent requires Plaintiffs to identify Smash's specific conduct, and allege specific facts, to state a constitutional claim against him. Plaintiffs do not meet that burden. The Court should dismiss Counts I and II against Smash.

Plaintiffs concede their negligence claim (Count V) should be dismissed as to Smash. Resp. [Dkt. 89], 2 n.1 ("Plaintiffs therefore do not oppose the dismissal of Count V as to only the Individual City Defendants.").

Smash is also entitled to qualified immunity for the reasons set forth in Tony Yarber and Kishia Powell's briefing on their Motion for Qualified Immunity and to Dismiss and Memorandum in Support and Mayor Chokwe A. Lumumba's and Robert Miller's briefing on their Motion for Qualified Immunity and to Dismiss and Memorandum in Support, all of which Smash incorporates by reference.

#101632489v3

# ARGUMENT

I. **Plaintiffs fail to plead constitutional claims against Smash in his individual capacity, because they do not demonstrate Smash's conduct gave rise to those claims.**

"Individual capacity claims against state actors under the civil rights statutes implicate a heightened pleading standard." *Williams v. Barbour*, No. 3:09CV179-DPJ-JCS, 2009 U.S. Dist. LEXIS 98114, *6 (S.D. Miss. Oct. 2, 2009) (citing *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987)). "[H]eightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Id.* at *7-*8 (citing *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999)). The pleading standard requires "factual detail and particularity." *Id.* at *7. Plaintiffs do not dispute the heightened pleading standard applies here.

Plaintiffs' averments are devoid of requisite factual detail and particularity to state a constitutional claim against Smash. The averments upon which Plaintiffs rely to refute that contention are not sufficient. *See* Resp. [Dkt. 89], 19 (identifying Compl. [Dkt. 1], ¶¶ 214-215, 219-20, 222, 226). Those allegations do not identify Smash's individual involvement in any action or decision Plaintiffs claim caused them an injury. *See id.*

Plaintiffs incorrectly assert the averments in their Complaint establish Smash "[u]nderstood that Mississippi's unique humid climate would cause soda ash to clump in the feed and that liquid lime would alleviate the problem, yet allow City to adopt Triligy's soda ash plan." Resp. [Dkt. 89], 19. But, Plaintiffs' identified allegations do not even identify Smash by name, much less what role, if any, Smash played in the decision to follow Trilogy's recommendation. Instead, the first five paragraphs upon which Plaintiffs rely, *i.e.*, Compl. [Doc. 1], ¶¶ 214-215, 219-220, 222) relate to other individuals. The last paragraph, *i.e.*, *id* at ¶ 226, contains a general state regarding what a "reasonable public works director should have understood". The averments fail to identify Smash's individual involvement in the acts or omissions giving rise to Plaintiffs'

constitutional claims. Stated differently, none of the averments state what, if anything, Smash said or did to allegedly violate Plaintiffs' constitutional rights.

Plaintiffs provide no legal support for their position that those averments are sufficient to state a constitutional claim against Smash individually. They do not, because they cannot. The pleading standard for alleging a constitutional claim against a government official in his individual capacity requires more than generic pleadings; it requires Plaintiffs to allege "specific conduct" and "specific facts giving rise to a constitutional violation." 2009 U.S. Dist. LEXIS 98114, *7; *see also Spikes v. McVea*, No. 19-30019, 2021 U.S. App. LEXIS 27612, *1 (5th Cir. Sept. 14, 2021) (noting the qualified-immunity inquiry must focus on the role of each defendant, not the collective action of a group of defendants) (citing *Taylor v. Riojas*, 141 S. Ct. 52, 54 (2020); *Dyer v. Houston*, 964 F.3d 374, 382 n.6 (5th Cir. 2020)).

*Williams v. Barbour* is illustrative. 2009 U.S. Dist. LEXIS 98114, *10-*11. There, the Court found the plaintiffs' factual allegations were insufficient to state a constitutional claim because they did not "state what, if anything, any of the [i]ndividual [d]efendants said or did" that gave rise to the plaintiffs' claims. *Id.* at *10. The *Williams* court specifically noted the plaintiffs' pleadings were insufficient because they failed to show how each defendant was involved in the decisions giving rise to the asserted claims. *Id.* The Court should reach the same result here.

Plaintiffs' pleadings do not identify one thing Smash said or did that gave rise to their claims. The pleadings do not demonstrate what role Smash played in the decision to follow Trilogy's recommendation. Those pleadings deficiencies are fatal to plaintiffs' constitutional claims against Smash individually.

To the extent Plaintiffs use their response to revise their pleadings to attribute conduct, giving rise to their claims, to Smash, the Court should reject Plaintiffs' efforts. "[C]laims and

#101632489v3

supporting factual allegations must be raised in a complaint; it is not enough to present supporting factual allegations in a response to a motion to dismiss." *Coleman v. Bunch*, Civ. Action No. 1:17-cv-186-HSO-JCG, 2018 U.S. Dist. LEXIS 81620, *6-*7 (S.D. Miss. Apr. 18, 2018) (citing *Cevallos v. Silva*, 541 F. App'x 390, 393-94 (5th Cir. 2013)); *Davis v. Hinton*, Civ. Action No. 1:15-cv-358-JCG, 2017 U.S. Dist. LEXIS 194246, *10 (S.D. Miss. Nov. 27, 2017); *see also Kitchens Bros. Mfg. Co. v. First Tenn. Bank N.A.*, Case No. 13-01710-NPO, 2016 Bankr. LEXIS 2488, *52 (S.D. Miss. Bankr. July 5, 2016) (holding that the new factual allegations in a response to a motion to dismiss are not properly before the Court when ruling on a motion to dismiss); *R.S. v. Starkville Sch. Dist.*, Civ. Action No. 1:12-CV-88-SA-DAS, 2013 U.S. Dist. LEXIS 134264, *14 (N.D. Miss. Sept. 19, 2013) (refusing to consider additional facts in a response memorandum that do not appeal in the complaint in ruling on a motion for judgment on the pleadings). The Court should not consider factual assertions raised in Plaintiffs' response. *U.S. ex rel. Rigsby v. State Farm Fire & Cas. Co.*, Civ. No. 1:06CV433-HSO-RHW, 2015 U.S. Dist. LEXIS 197006, *37-38 (S.D. Miss. Aug. 6, 2015) (citing *Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013)).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' claims against Smash individually.

RESPECTFULLY SUBMITTED, this the 6th day of September, 2023.

/s/ Terris C. Harris

TERRIS C. HARRIS, J.D., LL.M.

#101632489v3

Terris C. Harris, J.D., LL.M. (MSB #99433)
THE COCHRAN FIRM-JACKSON, LLC
197 Charmant Place, Suite 2
Ridgeland, MS 39157
Telephone: (601) 790-7600
tharris@cochranfirm.com
*Counsel for Jerriot Smash*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2023, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which served a copy of the foregoing on all counsel of record.

/s/ Terris C. Harris

TERRIS C. HARRIS

#101632489v3