# EXHIBIT 5

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
REGION 4
ATLANTA FEDERAL CENTER
61 FORSYTH STREET ATLANTA, GEORGIA 30303-8960

<u>CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

The Honorable Chokwe A. Lumumba
Mayor of City of Jackson
219 South President Street
Jackson, Mississippi  39205

      RE:    Notice of Noncompliance Pursuant to Section 1414(a)(1)(A) of the Safe Drinking Water Act, 42 U.S.C. § 300g-3(a)(1)(A), City of Jackson Public Water System, Jackson, Mississippi, PWS ID No. MS0250008

Dear Mayor Lumumba:

The U.S. Environmental Protection Agency is responsible for assuring public water systems provide safe drinking water in accordance with the Safe Drinking Water Act (SDWA), 42 U.S.C. § 300f <u>et. seq.</u>, and the regulations promulgated thereunder. Based on information contained in the Safe Drinking Water Information System (SDWIS), the City of Jackson Public Water System (System) has approximately 71,486 service connections, serves approximately 173,514 persons, and is owned and/or operated by the City of Jackson, Mississippi (hereinafter, the City). Pursuant to Section 1401(15) of the SDWA, 42 U.S.C. § 300f(15), it is therefore a community water system. As a community water system, the Jackson Public Water System (PWS) is subject to the requirements of the National Primary Drinking Water Regulations (NPDWR), 40 C.F.R. Part 141, and the Mississippi Primary Drinking Water Regulations (MPDWR), promulgated pursuant to the Mississippi Safe Drinking Water Act of 1997, Miss. Code Ann. § 46-21-1 <u>et. seq</u>.

Based on information contained in a public notice issued by the City to its consumers on March 31, 2021, as required under 40 C.F.R. § 141.629, the EPA finds that the System is in noncompliance with the SDWA, the NPDWR, and the MPDWR, as described below:[1]

---

[1] The violations contained herein are in addition to those violations alleged in the Emergency Administrative Order, Docket No. SDWA-04-2020-2300, issued by the EPA to the City on March 27, 2020, and in the Notice of Noncompliance issued by the EPA to the City on May 11, 2020.

Internet Address (URL) http://www.epa.gov

2

- Pursuant to 40 C.F.R. § 141.64(b)(2) and Miss. Admin. Code 15-20-72.1.2.6, the maximum contaminant level (MCL) for total haloacetic acids (HAA5) is 60 micrograms per liter (µg/L), determined as a locational running annual average[2] at each monitoring location. Systems must include the highest locational running annual average for HAA5 and the range of individual sample results for all monitoring locations expressed in the same units as the MCL. If more than one location exceeds the HAA5 MCL, the System must include the locational running annual averages for all locations that exceed the MCL. The City's testing results from 4th Quarter 2020 and 1st Quarter 2021 show that the System exceeded the HAA5 MCL during those periods. The level of HAA5 averaged at one of the System's locations for 4th Quarter 2020 was 66 µg/L, and for 1st Quarter 2021 was 65 µg/L.

- As noted in the EPA's previously-issued May 11, 2020, notice of noncompliance, the System exceeded the lead action level of 0.015 mg/L for the following monitoring periods: January – June 2015; January – June 2016; and July – December 2016. On February 12, 2016, the Mississippi State Department of Health (MSDH)[3] issued a compliance plan to the City to address the lead action level exceedances (ALEs). As a result of the June 2015 lead ALE, the City conducted an optimal corrosion control treatment (OCCT) study between October 2016 and April 2017 and provided the recommended treatment to MSDH on June 13, 2017. MSDH concurred with the recommended treatment and provided a deadline of May 31, 2019 to complete source water treatment installation. Although MSDH later extended the completion date to December 2019, this deadline has remained unmet throughout 2020 and into 2021, and the City has failed to install OCCT at the J.H. Fewell WTP as of the date of this Notice. Therefore, the City is in noncompliance with 40 C.F.R. §§ 141.80(e) and 141.83 and Miss. Code Ann. § 15-20-72.1.3.2, for failure to install OCCT and provide applicable source water treatment.

Consistent with Section 1414(a)(1)(A) of the SDWA, 42 U.S.C § 300g-3(a)(1)(A), the EPA is hereby notifying the City of such noncompliance, and the EPA remains committed to working with and providing technical assistance to the City, as appropriate, in order to bring the System into compliance. This Notice shall not be construed as a final agency action subject to judicial review under Section 1414(g) of the SDWA, 42 U.S.C. § 300g-3(g).

Therefore, within ten (10) calendar days of receipt of this Notice of Noncompliance, the City must contact this office to arrange a meeting to show cause why the EPA should not initiate legal proceedings against the City for these violations. In lieu of appearing in the EPA's offices for this meeting, a telephone conference may be scheduled. The City should be prepared to provide all relevant information with documentation pertaining to the above violations. The EPA's legal counsel may also be present at this meeting. Accordingly, the City has the right to have its legal counsel present.

To arrange the particulars of this meeting or to arrange for a telephone conference, please contact Amanda Driskell at (404) 562-9735 or driskell.amanda@epa.gov or Bryan Myers at 404-562-9603 or myers.bryan@epa.gov. If the City fails to attend the scheduled meeting/telephone conference or to

---

[2] The locational running annual average is the average of sample analytical results for samples taken at a particular monitoring location during the previous four calendar quarters. 40 C.F.R. § 141.2.

[3] The MSDH is the entity in the State of Mississippi with primary enforcement authority over the SDWA, pursuant to SDWA Section 1413, 42 U.S.C. § 300g-2.

contact Ms. Driskell or Mr. Myers prior to the meeting/conference date, the EPA may proceed with formal enforcement against the City without further notice.

As the EPA has previously informed the City, the City may, if it so desires, assert a confidential business information (CBI) claim covering any or all information furnished to the EPA in response to this letter. Further details on how to make a business confidentiality claim are included in Enclosure A.

If you have any questions regarding this matter, please contact Ms. Driskell or Mr. Myers at the phone numbers or emails listed above. For legal inquiries, please have your attorneys contact Suzanne K. Armor, Associate Regional Counsel, at (404) 562-9701 or armor.suzanne@epa.gov.

Sincerely,

CAROL KEMKER
Digitally signed by CAROL KEMKER
Date: 2021.04.27 18:00:06 -04'00'

Carol L. Kemker
Director
Enforcement and Compliance Assurance Division

Enclosure

cc:   Dr. Charles Williams, City of Jackson Department of Public Works
      Lester Herrington, Office of Environmental Health, MSDH

**ENCLOSURE A**

**RIGHT TO ASSERT BUSINESS CONFIDENTIALITY CLAIMS**
(40 C.F.R. Part 2)

Except for information which deals with the existence, absence, or level of contaminants in drinking water, you may, if you desire, assert a business confidentiality claim as to any or all of the information that the EPA is requesting from you. Applicable EPA regulations relating to business confidentiality claims are at 40 C.F.R. Part 2 and 40 CFR § 2.304(e).

If you assert such a claim for the requested information, the EPA will only disclose the information to the extent and under the procedures set out in the cited regulations. If no business confidentiality claim accompanies the information, the EPA may make the information available to the public without any further notice to you.

40 C.F.R. § 2.203(b). **Method and time of asserting business confidentiality claim.** A business which is submitting information to the EPA may assert a business confidentiality claim covering the information by placing on (or attaching to) the information, at the time it is submitted to the EPA, a cover sheet, stamped or typed legend, or other suitable form of notice employing language such as "trade secret," "proprietary," or "company confidential." Allegedly confidential portions of otherwise non-confidential documents should be clearly identified by the business and may be submitted separately to facilitate identification and handling by the EPA. If the business desires confidential treatment only until a certain date or until the occurrence of a certain event, the notice should so state.