**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| Priscilla Sterling, Raine Becker, Shawn Miller, and John Bennett, individually and on behalf of all others similarly situated, | Case No.: 3:22-cv-531-KHJ-MTP |
|     Plaintiffs, | |
| v. | |
| The City of Jackson, Mississippi; Chowke A. Lumumba; Tony Yarber; Kishia Powell; Robert Miller; Jerriott Smash; and Trilogy Engineering Services, LLC, | |
|     Defendants. | |

_____

**DEFENDANT, TRILOGY ENGINEERING SERVICES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE PARAGRAPH 206 OF PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND MONEY DAMAGES WITH JURY TRIAL DEMAND**
_____

Defendant, Trilogy Engineering Services, LLC ("Trilogy"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(f), hereby submits this Memorandum of Law in Support of its Motion to Strike Paragraph 206 of Plaintiffs' Second Amended Class Action Complaint for Injunctive Relief and Money Damages with Jury Trial Demand (the "Motion to Strike").

**Plaintiffs' Factual Allegations Against Trilogy**

1. On February 20, 2024, Plaintiffs, Priscilla Sterling, Raine Becker, Shawn Miller, and John Bennett, individually and on behalf of all others similarly situated ("Plaintiffs"), filed the Amended Class Action Complaint for Injunctive Relief and Money Damages with Jury Trial Demand (the "Complaint") [ECF 101].

2. Plaintiffs' claims are complex and are based on the alleged actions taken by numerous different parties over a prolonged period regarding the City of Jackson's potable water system. [ECF 101].

3. As it pertains Trilogy, Plaintiffs assert two causes of action for Professional Negligence and Negligence, alleging that Trilogy failed to properly perform certain engineering services. [ECF 101].

4. Despite Plaintiffs' allegations sounding in negligence, and even though Trilogy performed a water treatment system corrosion control study and engineering services for the City of Jackson, the Complaint includes irrelevant and inflammatory allegations regarding purported fundraising activities which have no connection to Trilogy's services on the Project. [ECF 101].

5. Specifically, the Complaint alleges that "LeBlanc held an *unreported campaign fundraiser*" for the then-Mayor of Jackson, Tony Yarber. [ECF 101, ¶ 206] (emphasis added).

6. Plaintiffs' allegations contained in Paragraph 206 of the Amended Complaint regarding LeBlanc's purported fundraising are blatantly irrelevant to the matter at issue in this litigation and are highly inflammatory. As such, said allegations should be stricken from the Amended Complaint to avoid any prejudice against Trilogy.

## Motion to Strike Standard and Argument

7. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, "[t]he Court may strike from a pleading . . . any redundant, *immaterial, impertinent, or scandalous matter*." Fed. R. Civ. P. 12(f)(emphasis added).

8. Under Rule 12(f), motions to strike should be granted where the pleadings to be stricken are "insufficient as a matter of law, immaterial in that they have no essential or important relationship to claim of relief . . . or are impertinent in that matter consists of statements that do

not pertain, and are not necessary, to issues in question." *Fed. Deposit Ins. Corp. v. Butcher*, 660 F.Supp 1274, 1277 (E.D. Tenn. 1987). Allegations can be appropriately stricken when they have no possible relation to the controversy and may thereby cause prejudice to one of the parties. *E.S. v. Best W. Int'l, Inc.*, 510 F.Supp. 3d 420, 426 (N.D. Tex. 2021); *see also Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468 (M.D. La. 2020); *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F.Supp. 200, 217 (D.N.J. 1993); *Williams v. Eckerd Family Youth Alt.*, 903 F.Supp. 1515 (M.D. Fla. 1995); *Brown v. Seebach*, 763 F.Supp. 574 (S.D. Fla. 1991) ("Motion to strike is appropriate remedy for elimination of redundant, immaterial, impertinent, or slanderous matters in any pleading").

9. For purposes of a motion to strike, immaterial matter is that "which has ***no essential or important relationship to the claim for relief*** or the defenses being pleaded, and impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Seattle v. Monsanto Co.*, 387 F.Supp. 3d 1141, 1163 (W.D. Wash. 2019) (quoting *The Chef'n Corp. v. Progressive Int'l Corp.*, No. C14-68 RAJ, 2014 WL 2050282, at *1 (W.D. Wash May 19, 2014)) (emphasis added). Furthermore, scandalous material is "that casting an excessively adverse light on the character of an individual or party." *OKC Corp v. Williams*, 461 F.Supp. 540, 550 (N.D. Tex. 1978); *see also Florance v. Buchmeyer*, 500 F.Supp. 2d 618, 645 (N.D. Tex. 2007) ("Scandalous in Rule 12(f) . . . 'refers to any allegation that unnecessarily reflects on the moral character of an individual'") (quoting *Cobell v. Norton*, 224 F.R.D. 266, 280 (D.D.C. 2004)); *Spencer v. Dixon*, 290 F.Supp. 531 (W.D. La. 1968) (striking from Plaintiff's amended complaint a series of allegations pertaining to defendant's active engagement in campaign for elections as immaterial and impertinent to the matters at issue); 5C Arthur R. Miller et al., *Federal Practice and Procedure* § 1382 (3d ed. 2018) (scandalous matter is defined as that which improperly casts

a derogatory light on someone and any allegation that unnecessarily reflects on the moral character of an individual); 2 Milton I. Shadur, MOORE'S FEDERAL PRACTICE § 12.37[3] (3d ed. 2018).

10. The Complaint seeks damages from Trilogy for injuries purportedly resulting from the alleged acts and omissions regarding Trilogy's professional services offered in connection with the City of Jackson's potable water system.

11. However, the Complaint includes allegations that have absolutely zero connection to Trilogy's scope of professional services on the Project, namely, to provide a water treatment system corrosion control study and engineering services for the City of Jackson's potable water system.

12. Specifically, the Plaintiffs allege in Paragraph 206 that LeBlanc held an ***unreported campaign fundraiser*** for then-Mayor of Jackson Tony Yarber. [ECF 101, ¶ 206] (emphasis added). The allegations pertaining LeBlanc's fundraising efforts, whether for the benefit of Yarber or others, have no relevance to the scope of services provided by Trilogy on the Project, and are devoid of any essential or important relationship to the injuries and damages set forth by the Plaintiffs in the Complaint.

13. Furthermore, these allegations have the sole intent of casting a negative light upon LeBlanc, because they allude to LeBlanc's fundraising efforts as the reason for the City's retention of Trilogy for the Project, therefore highly prejudicing Trilogy's ability to defend against Plaintiffs' claims. As such, the allegations set forth in Paragraph 206 of the Complaint should be stricken as they are immaterial, impertinent, and scandalous, and unfairly prejudice Trilogy's ability to defend against Plaintiffs' claims in violation of the Federal Rules of Civil Procedure and case law.

## **Conclusion**

14. Based on the foregoing, Trilogy respectfully requests this Court to enter an Order granting Trilogy's Motion to Strike Paragraph 206 of Plaintiffs' Complaint as impertinent, immaterial, and scandalous.

**WHEREFORE**, Trilogy Engineering Services, LLC respectfully requests this Court to enter an Order granting Trilogy's Motion to Strike Paragraph 206 of Plaintiffs' Amended Class Action Complaint as impertinent, immaterial, and scandalous, and for any further relief as this Court may deem just and proper.

This, the 22nd day of March, 2024.

Respectfully submitted,

By: */s/ Davide Macelloni*
Davide Macelloni (FSB No. 1010884)
DANIELS, RODRIGUEZ, BERKELEY
DANIELS & CRUZ, P.A.
*Attorneys for Trilogy Engineering Services, LLC*
4000 Ponce De Leon Blvd., Ste. 800
Coral Gables, FL 33146
(305) 448-7988
dmacelloni@drbdc-law.com

*/s/ D. Jason Childress*
D. Jason Childress (MSB No. 103678)
FLETCHER & SIPPEL LLC
*Attorneys for Trilogy Engineering Services, LLC*
4400 Old Canton Road
Suite 220
Jackson, MS 39211-5982
P: 601-414-6010
jchildress@fletcher-sippel.com

## **CERTIFICATE OF SERVICE**

I, Davide Macelloni, one of the attorneys for Defendant Trilogy Engineering Services, LLC, hereby certify that I have this day served a true and correct copy of the above and foregoing document by filing it using the ECF system which sent notice of such filing to all counsel of record.

SO CERTIFIED, this the 22nd day of March, 2024.

                                              */s/ Davide Macelloni*
                                              Davide Macelloni, Esq.